## Richmond

LAWRENCE HENRY SHOOK v. COMMONWEALTH OF VIRGINIA.

June 14, 1971.

Record No. 7508.

Present, Snead, C.J., I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*John B. Gilmer,* for plaintiff in error.

*A. R. Woodroof, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

SNEAD, C.J., delivered the opinion of the court.

The court below, sitting without a jury, found Lawrence Henry Shook, defendant, guilty of malicious wounding and abduction. He received a sentence of 15 years in the State Penitentiary on the conviction of malicious wounding, and a sentence of 10 years on the conviction of abduction, such sentences to run concurrently. We granted defendant a writ of error.

In this appeal defendant challenges the sufficiency of the evidence to convict him on either charge.

Late in the afternoon of September 4, 1969 Lewis Daniel Fowler drove his automobile to the residence of a Mrs. Coates at 513 West Nineteenth street in South Richmond. The purpose of the visit was to assist Mrs. Coates in securing a car to replace one that had been wrecked. Upon arrival, Donald Coates, Mrs. Coates' son, informed Fowler that she had gone to the store, but was expected back home shortly. Fowler and Coates decided to go to a near by restaurant,

where each drank two beers. They then returned to the Coates' home, but Mrs. Coates was not there. After waiting for a short while, the two men drove to "Buddy's Drive-In" on Hull street.

At Buddy's, Coates and Fowler drank one beer each. Coates engaged in a conversation with Shook and George William Clark, a co-defendant. Fowler did not participate in the conversation, and since he was not acquainted with either of these men he returned to his car and waited for Coates. Soon thereafter, Coates, Shook, Clark and, according to Fowler, an unidentified man approached his vehicle. Coates asked Fowler if he would give his friends a ride home. Fowler agreed, but on condition that he first return to Mrs. Coates' home to see if she was there. These men entered Fowler's car and they proceeded to Mrs. Coates' home.

Upon arrival at about 8 p.m., Coates and Fowler went to the door and knocked. There was no answer so they returned to the car. Fowler said Shook, Clark and the unidentified man were still in the automobile. After Fowler got into his car on the driver's side, he felt someone, who was in the back seat, put a cold object against his neck and ask if he knew what it was. When Fowler answered that he thought so, he was suddenly struck on the head. He stated that he fell against Coates, who was sitting beside him, and that someone pushed him over, got in the car and started driving.

Fowler further testified that he was struck several times, and that he remembered someone ripping his pockets and taking his billfold. One of the men said "let's kill him", but another said, "no, [w]e have done enough now". Fowler did not identify who made these statements. He was struck again after they were made, but remembered nothing after that until the car "pulled into a driveway somewhere".

Fowler had been taken by his abductors to the home of Mr. and Mrs. George Tunstall in Powhatan county. It was 1:30 a.m. when they arrived there. Mrs. Tunstall, age 62, testified that Clark and Coates, her grandson, awakened her and asked her for a wash cloth. She said they told her that they had a man in the car who had been "beat up". Mrs. Tunstall awakened her husband, and they went out to the car. She stated that Fowler's face was "all bloody", and that Clark would not let him out of the car. Mrs. Tunstall further testified "* * * I told my husband to go in the house and get the shotgun. I said if you [Clark] put your hands, get out of that car after this man, I'll fill you full of lead." After this, Fowler was released, and the other occupants of the car drove away.

George Tunstall testified that there were four men, including

Fowler, in the car. He said he saw someone in the back seat but he did not "see who it was".

Shook's testimony was to the effect that he had been drinking beer at Buddy's all afternoon. He remembered asking for a ride home, and that he, Clark and Coates got into Fowler's car. While in the back seat he began feeling the effects of his drinking and went to sleep. He did not know when he got out of the car, nor did he remember going to Powhatan or anything about the incident.

George Soulios, the owner of Buddy's restaurant, verified that defendant had been drinking beer with other men in his establishment most of the afternoon. He stated that when defendant left his place of business to enter Fowler's car, "He was walking all right. He was acting all right. He knew what he was doing." Soulios further testified that he saw Fowler drive away, and, contrary to Fowler's testimony, that only Shook, Clark and Coates were with him.

Shook argues that the evidence does not show that he participated in either the beating of Fowler or in his abduction. He relies upon the principle of law that mere presence of a party when a crime is committed is not sufficient to warrant a finding of guilt. We agree with this principle, and have so said in two recent opinions. *Murray* v. *Commonwealth*, 210 Va. 282, 170 S.E.2d 3 (1969), *Whitbeck* v. *Commonwealth*, 210 Va. 324, 170 S.E.2d 776 (1969). Yet, the trial court concluded from the evidence that Shook was more than merely present when these crimes were committed; that he was acting in concert.

We agree that Shook was more than merely present. The evidence conclusively established that the brutal beating and abduction of Fowler commenced in his car in front of Mrs. Coates' home, and that Shook was in the car. Also there was credible evidence adduced that showed Shook demonstrated none of the characteristics of being intoxicated. At Buddy's Drive-In, Shook, Clark and Coates had a conversation out of the presence of Fowler. Upon leaving Buddy's, Shook and Clark got into Fowler's car, and rode with Fowler and Coates to Mrs. Coates' home. They remained in the car while Fowler and Coates went to see if Mrs. Coates had come home. When Fowler returned and entered his car he was beaten and abducted. The trier of fact could properly infer from all the facts and circumstances that Shook was acting in concert with other occupants of the car, by inciting, encouraging, advising, or assisting in the commission of the crimes.

The judgment appealed from is                    *Affirmed.*