COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Senior Judge Cole
Argued at Richmond, Virginia


GERALD EDWARD BAKER, JR.
                                    MEMORANDUM OPINION[*] BY
v.  Record No. 0555-96-2            JUDGE JAMES W. BENTON, JR.
                                         FEBRUARY 18, 1997
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                     Lee A. Harris, Jr., Judge

          Steven D. Benjamin (Betty Layne DesPortes;
          Steven D. Benjamin and Associates, on
          briefs), for appellant.

          Leah A. Darron, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Gerald Edward Baker, Jr., was convicted of statutory

burglary.  He contends that the conviction should be reversed

because (1) evidence of his prior misconduct was improperly

considered as probative of concert of action, and (2) proof of

his presence at the scene and knowledge that his companions

intended to commit burglary was insufficient to prove that he

acted in concert with his companions.  We affirm the conviction.

                                 I.

     At trial, police investigator Cecil Mayton testified that he

interviewed Baker in connection with an investigation of

break-ins at several churches.  During the interview, Baker said

he was riding in an automobile with two acquaintances when they

─────────────
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

passed a church on Warner Road.  One of Baker's companions said, "We have to do this one."  The driver then turned the automobile into the church parking lot and stopped.  Baker stated that when they went onto the church property, he had an "idea [of what his companions planned to do] because he had been with them before . . . when they had taken other items from other churches."  He said that his companions wanted to take equipment such as televisions and video recorders.

Baker's counsel objected when the investigator testified as follows:

> [INVESTIGATOR]:  [Baker] stated the purpose for taking the items [was] to purchase or to trade for drugs.  And he indicated to me that on several occasions he had, in fact, obtained drugs and used drugs as a result of other larcenies.
>
> [BAKER'S COUNSEL]:  Objection to that.
>
> [TRIAL JUDGE]:  Well I think it goes to intent and that's the only reason I take it.
>
> [BAKER'S COUNSEL]:  I understand.
>
> [TRIAL JUDGE]:  And I don't take it for anything else.  But I do think it's relative as far as intent is concerned.

The investigator further testified that Baker said his two companions got out of the automobile, broke a window in the church, and went inside.  A few seconds later, a loud alarm sounded.  His companions ran back to the automobile, and they drove away at a high speed.  Baker said he did not believe his companions removed anything from the church because they were in

the church for a very short period of time.

When the Commonwealth completed its case-in-chief, Baker's counsel stipulated that the burglary occurred. However, he moved to strike the evidence on the ground that the evidence was insufficient to convict Baker of burglary because it proved only Baker's presence and knowledge of his companions' intended conduct. The trial judge responded as follows:

I would agree with you if this was the only time. But what you've got here from his own statement is he's been with them before, they've been in churches, they took the items to buy drugs, and he shared in the drugs, and that was the same thing that was going to happen here. And I think what that amounts to is a concert of action.

The trial judge then convicted Baker of burglary.

II.

"It is, of course, well settled that mere presence and consent are not sufficient to constitute one an aider and abettor [i.e., principal in the second degree] in the commission of a crime." Jones v. Commonwealth, 208 Va. 370, 373, 157 S.E.2d 907, 909 (1967). "A person can be convicted as a principal in the second degree, however, upon evidence that [the person] not only was present, but also committed some overt act -- such as inciting, encouraging, advising or assisting in the commission of the crime -- or shared the prime actor's criminal intent." Murray v. Commonwealth, 210 Va. 282, 283, 170 S.E.2d 3, 4 (1969). Indeed, the rule is well settled that "'[t]o constitute one an aider and abettor, it is essential that [the person] share the

- 3 -

criminal intent of the . . . party who committed the offense.'" <u>Jones</u>, 208 Va. at 370, 157 S.E.2d at 909 (citation omitted).

The trial judge did not err in admitting evidence to prove Baker's knowledge of his companions' plan and to prove intent. Evidence of other offenses "is permissible in cases where the motive, intent, or knowledge of the accused is involved." <u>Kirkpatrick v. Commonwealth</u>, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). Furthermore, when the trial judge admitted the evidence for the purpose of proving intent, he did not narrowly confine the use of the evidence as now urged by Baker, to establish only the intent of Baker's companions. Indeed, when Baker's counsel argued in support of his motion to strike that the evidence was limited in its purpose, the trial judge disagreed.

The evidence was sufficient to prove beyond a reasonable doubt that Baker had accompanied his companions on other occasions when they committed burglaries at churches, that Baker had shared in and used the proceeds of those burglaries to purchase drugs, and that Baker "knew of the other [men's] criminal intent" when he accompanied them to the church. <u>Murray</u>, 210 Va. at 284, 170 S.E.2d at 5. Thus, the evidence proved additional elements, beyond mere presence and consent, and was sufficient to prove beyond a reasonable doubt that Baker was a principal in the second degree to the burglary. Accordingly, we affirm the conviction.

<u>Affirmed</u>.