## 62908. LOYLESS v. HAZIM.

SHULMAN, Presiding Judge.

Appellant/buyer and appellee/seller executed a contract for the sale of real estate located in the abandoned I-485 right-of-way. In Paragraph 2 of the contract, the parties agreed to a purchase price of $69,185.83, $15,000 of which was "withheld from the purchase price and held in escrow by [appellant's attorney] in accordance with the terms of Paragraph 26 [of the contract for the sale of real estate]." In Paragraph 26, the parties acknowledged that the house located on the property was in need of extensive repairs and that the parties contemplated that "the purchaser will enter into a contract with George Hazim, Jr., for the renovation of the house on the property. Said contract will be in substantially the form of the contract attached as Exhibit "B" and will provide for renovation work to be performed substantially in accordance with the specifications attached. The renovation contract price shall be Forty-Three Thousand Eight Hundred Fourteen and 17/100 ($43,814.17) Dollars and shall be increased for any additions to the work specified and decreased for any deletions to the work specified requested by the Purchaser, the amount of such increases or descreases to be, if not otherwise agreed by the Purchaser and George Hazim, Jr., the prevailing costs for such work in the Atlanta area as shown in the latest of "National Construction Estimator" or a similar publication. Purchaser shall have twenty (20) days from the Closing Date to elect to execute said contract with George Hazim, Jr., for said renovation work. The sum of Fifteen Thousand ($15,000.00) Dollars shall be withheld from the purchase price and held in escrow by Furman Smith, Jr., Esq., Closing Attorney, on the following conditions: If the Purchaser shall give notice to [Seller] of her election to enter into the

aforesaid contract with George Hazim, Jr., for said renovation work on or before 4:00 p.m. on the twentieth (20th) day after closing, said Fifteen Thousand ($15,000.00) Dollars shall be applied as part of the contract price under said renovation contract in accordance with the terms thereof; otherwise the Closing Attorney shall pay said sum as the balance of the purchase price as of the close of business on said twentieth (20th) day."

On March 20, 1980, appellant and appellee entered into an agreement as owner and contractor for the construction and renovation work. Appellant/owner released the $15,000 held in escrow as the initial payment due appellee/contractor under the renovation contract. In the contract, the parties acknowledged that an architect was preparing revisions of the original renovation specifications and that the original renovation contract price ($43,814.17) might be adjusted as provided for in Paragraph 26 of the real estate contract.

After receiving the architect's revisions, appellee adjusted the renovation contract price to $110,361.47. Because appellee did not accompany his revised renovation figure with an explanation as to how he had come to that figure and because he refused to do the work for the original figure, appellant notified appellee of her belief that he had breached the renovation contract and demanded the return of her $15,000 down payment. When appellee refused her demand, appellant filed this suit for money had and received. Appellee counterclaimed for fraud and breach of the remodeling contract. After the parties presented evidence at trial, the trial court granted directed verdicts for appellee in the main action and for appellant on the counterclaims, and denied appellant's motion for a directed verdict in the main action. This appeal concerns the grant and denial of the motion for a directed verdict in the main action.

1. A verdict shall be directed "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict . . ." Code Ann. § 81A-150 (a). The two contracts involved in this dispute, both of which were introduced into evidence, are supportive of appellant's contentions. While the contract for the sale of real estate states that the purchase price was $69,185.83, it also provided that $15,000 of the price was to be held in escrow in accordance with Paragraph 26. Under that clause, if appellant entered into a renovation contract with appellee, the $15,000 would be applied to that contract. Such an application, of necessity, reduces the real estate purchase price to $54,185.83. Thus, under the real estate contract as written, appellee agreed to accept $54,185.83 in payment for the real estate so long as appellant entered into a

renovation contract with him. When the parties executed the remodeling contract on March 20, the $15,000 was correctly applied to that contract. If, as appellant alleges and appellee denies, appellee materially breached the contract by failing to supply appellant with detailed justification of the increases in the renovation contract price, appellant would be entitled to reimbursement of part or all of the remodeling down payment. There being evidence to support appellant's position, it was error to grant a directed verdict for appellee in the main action. See *Speir v. Williams,* 146 Ga. App. 880 (1) (247 SE2d 549).

2. In light of appellee's evidence that he had prepared and given the required cost specifications to appellant, the trial court did not err in denying appellant's motion for directed verdict in the main action.

*Judgment affirmed in part and reversed in part. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 12, 1982.

*Lewis E. Hassett, Furman Smith, Jr.,* for appellant.
*John A. White, Charles R. Desiderio,* for appellee.