## Richmond

### DAVID GUY HALL

### V.

### COMMONWEALTH OF VIRGINIA

June 17, 1983.

Record No. 821941.

Present: All the Justices.

*James A. Eichner (Beale, Eichner, Wright, Denton & Shields,* on brief), for appellant.

*Linwood T. Wells, Jr., Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

Indicted for statutory burglary under Code § 18.2-91, David Guy Hall was found guilty in a bench trial and sentenced to imprisonment for five years. The sole issue on appeal is whether the evidence is sufficient to support the conviction.

The theory of the Commonwealth is that the defendant was a lookout, aiding and abetting a burglar who escaped from the premises in question. The defendant, who did not testify at trial, contends the proof shows mere presence at the scene of the crime. We agree with the defendant.

According to settled principles of appellate review, we will examine the evidence in the light most favorable to the Commonwealth. About 2:00 a.m. on September 11, 1981, police responded to an alarm at King's Department Store in the City of Richmond. Upon arrival, Officer Wyatt observed the defendant at the rear of

the shopping-center building combing his hair. The defendant was positioned about 300 feet from the north end of the long building, which lies in a north-south direction parallel to Jefferson Davis Highway. The rear of the building was "a block or a block and a half" from the highway.

Defendant was standing approximately 20 feet from a rear exit fire door and just below a point on the roof subsequently determined to be the burglar's place of entry to the one-story building. Wyatt testified that from such point on the roof a person would have a clear view of vehicles approaching the building from any direction.

Defendant told Wyatt that he came to the location "to go to the bathroom." He said he sought a secluded place because he had been drinking and did not want to be arrested for being drunk in public.

Wyatt found a pair of rawhide gloves and a large flashlight 20 feet from where defendant was standing. At the trial, the accused tried on the gloves and the court observed that they "fit the defendant." The officer testified that the gloves were dry when found, although the surrounding ground was wet due to rain earlier in the day.

Officer Cook arrived on the scene after Wyatt had taken defendant into custody. Defendant told Cook he had been at a nearby night club, approximately "a quarter of a mile" away; after leaving he felt ill and went behind the department store to vomit. Cook examined the immediate area and found no evidence that defendant had been ill. Cook testified that in his opinion defendant "had been drinking" but not to such excess that he would have been placed under arrest for being intoxicated in public.

After interviewing defendant, Cook entered the building. Believing he heard a noise in the overhead, Cook climbed into the "false" ceiling and walked through the air duct system. Guided by a set of fresh footprints, Cook followed the noise along the ceiling but was unable to apprehend the burglar, who escaped apparently by dropping through the ceiling into the premises of a grocery store housed in the same building.

Witnesses called by the defendant testified that he had been at the night club alone drinking beer during the evening in question. According to the evidence, defendant left alone about 1:00 a.m. At that time, he was "feeling no pain," although he spoke coher-

ently and walked without apparent difficulty. No gloves or flashlight were observed on his person.

Testimony further indicated that defendant, age 21 and employed by a construction company, lived about three miles from the scene of the crime. He owned no motor vehicle and customarily walked home late at night along the highway on the side where the department store was located.

The law is settled that mere presence is not sufficient to establish that one is a principal in the second degree, an aider and abettor to the commission of a crime. The prosecution must prove that the accused did or said something showing his consent to the felonious purpose and his contribution to its execution. *Jones* v. *Commonwealth*, 208 Va. 370, 373, 157 S.E.2d 907, 909 (1967). Moreover, to establish the defendant as an aider and abettor, he must be present and shown to have procured, encouraged, countenanced or approved commission of the crime; he must share the criminal intent of the actual perpetrator or be guilty of some overt act. *Id.*

Endorsing the trial judge's conclusions of fact, the Attorney General argues that the circumstantial evidence proves the defendant's guilt beyond a reasonable doubt and excludes every reasonable hypothesis of innocence. The Commonwealth dwells on the following facts to support its position: the time was early morning; defendant was found standing near a building that had been unlawfully entered; he was near the portion of the building where illegal entry had been gained; gloves customarily worn by one in defendant's occupation were found nearby; the gloves fit defendant; the ground was wet but the gloves were dry, indicating they had been recently dropped or thrown away; close at hand was a heavy-duty flashlight; defendant gave conflicting accounts explaining his presence at the scene; and defendant, a young person, had been away from the night club for an hour and yet he had progressed only one quarter of a mile toward his home, his assumed destination. The Attorney General labels as "inherently incredible" defendant's story that he travelled from a place with toilet facilities, across a highway, through a large parking lot, around a building, 300 feet down the rear of the structure adjacent to a point on a roof which afforded an excellent view of the entire area, merely to relieve himself or while ill.

Admittedly, these highly suspicious circumstances demonstrate an exceedingly strong probability of guilt. Nevertheless,

suspicion, even though strong, is insufficient to sustain a criminal conviction. *Stover v. Commonwealth*, 222 Va. 618, 624, 283 S.E.2d 194, 197 (1981). We hold that the facts here establish no more than mere presence at the scene of a crime. *See Duncan v. Commonwealth*, 218 Va. 545, 238 S.E.2d 807 (1977); *Smith v. Commonwealth*, 185 Va. 800, 819, 40 S.E.2d 273, 282 (1946).

There is no showing, except mere presence, of any overt act by the accused which indicated his participation in the illegal conduct of the unknown burglar. There is no evidence, except mere presence, that defendant had been in the building, on the roof, or that he intended to climb to the roof, situated at least 30 feet above the ground. Indeed, photographs of the building show no ladder or other means of access to the roof at the point where defendant was found, the place where the prosecutor claims defendant was to discharge his lookout duties.

There is no showing, except mere presence, to connect the defendant with either the gloves or the flashlight, equipment arguably used by a lookout. No attempt was made to test either item for fingerprints. Indeed, evidence indicates that the last time defendant was seen prior to his arrest, he possessed neither of such items. The fact that the gloves fit defendant is inconclusive, standing alone, since no evidence was introduced to show the gloves belonged to him. *Garland v. Commonwealth*, 225 Va. 182, 184, 300 S.E.2d 783, 785 (1983).

Moreover, there is no evidence, except mere presence, that the accused did anything to indicate his consent to the burglary or to show his contribution to its execution. Finally, there is no evidence, except mere presence, to establish that he shared the felonious intent of the burglar or that he procured, encouraged, countenanced, or approved commission of the burglary. *Cf. Whitbeck v. Commonwealth*, 210 Va. 324, 326, 170 S.E.2d 776, 778 (1969) (defendant present lending encouragement as a lookout during burglary of service station).

In sum, the presence of the gloves, the flashlight, and the accused at this location at that time, as well as defendant's contradictory oral statements, collectively tend to establish guilt. Nevertheless, the evidence is insufficient to carry the Commonwealth's case from the realm of probability and supposition into the area of proof beyond a reasonable doubt necessary to warrant affirmance

of this conviction. Accordingly, the judgment below will be reversed and the indictment dismissed.

*Reversed and final judgment.*