COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Annunziata and Overton
Argued at Richmond, Virginia


CHARLES HOWARD DAVIDSON, JR.

MEMORANDUM OPINION[*] BY

v.    Record No. 2514-97-2     JUDGE ROSEMARIE ANNUNZIATA
                                       JULY 7, 1998

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Donald W. Lemons, Judge

Robert D. Shrader, Jr. (Steingold, Shrader &
Angelidis, on brief), for appellant.

Jeffrey S. Shapiro, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Charles Howard Davidson, Jr. (appellant) was convicted of
robbery with a deadly weapon in violation of Code § 18.2-58,
display of a firearm in violation of Code § 18.2-53.1, and grand
larceny of a vehicle in violation of Code § 18.2-95. On appeal,
appellant contends that the evidence was insufficient to support
his conviction for grand larceny. We disagree, and affirm.

On or before January 19, 1997, Donna Dawe noticed that a
blue 1988 Cadillac belonging to her and her husband was missing.
The next day, she reported it stolen. She did not give
permission for anyone to use the vehicle.

On January 19, 1997, appellant approached Dawn Miles,
displayed a pistol, and told her to give him the keys to her car.

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Michael Wilson, a codefendant, approached Miles with a shotgun and told appellant to take Miles' purse. As she was being robbed, Miles saw a "big long bluish looking car" parked several spaces from her own. She testified without objection that she "thought it was a Lincoln but it turned out that it was a Cadillac." Miles turned over the keys to her car, as well as her purse containing Miles' change purse and calling card. Appellant opened the trunk of Miles' car, and Wilson told Miles to get in the trunk of her car.

As Miles approached the trunk of her car, Thomas Kirk, a second codefendant, drove the Cadillac behind her car, blocking her car into its parking space. Appellant unsuccessfully attempted to start Miles' car. Wilson pushed Miles into the trunk of the car, but Miles jumped out. Appellant and Wilson got into the Cadillac, and the Cadillac left the area.

On the same night, while on patrol, Officer Matthew Cavanaugh observed a blue Cadillac. As Cavanaugh approached the Cadillac, he observed the driver of the Cadillac turn off all the lights on the car. Cavanaugh turned on his patrol car's emergency lights to signal the Cadillac to stop, but the Cadillac accelerated. After a short chase, the Cadillac drove over a ravine, and four occupants fled the car. Cavanaugh apprehended appellant and another occupant, William Smith. Appellant was not driving the car. During a pat-down search of appellant, Cavanaugh discovered Miles' calling card and change purse. Miles

-2-

identified appellant as one of the individuals who had robbed her.

Cavanaugh noted that the interior of the Cadillac was in disarray and that the steering column was broken open in such a way as to allow a person to start the car without the key. Cavanaugh found Miles' purse in the car. Outside the vehicle, Cavanaugh found a camera belonging to Dawe and a vehicle registration card belonging to Miles.

After the Commonwealth rested, appellant moved to strike the Commonwealth's evidence of grand larceny on the basis that the evidence did not establish that the co-owner of the Cadillac had not given permission for its use and that appellant's knowledge that the car was stolen, if any, was insufficient to prove grand larceny. The court denied appellant's motion. Wilson presented one witness who testified to Wilson's appearance on the night of the robbery. At the close of all the evidence, appellant renewed his motion to strike, which the court denied. The jury found appellant guilty of robbery, grand larceny, and displaying a firearm during the commission of a robbery.

Appellant contends that the evidence was insufficient to support his conviction for grand larceny. "Larceny is the wrongful taking of the goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods." Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987) (citing Dunlavey v.

Commonwealth, 184 Va. 521, 524, 35 S.E.2d 763, 764 (1945)).  When considering the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the Commonwealth, according to it all reasonable inferences fairly deducible therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  "Where a defendant has been convicted by a jury whose verdict has been approved by the trial judge, and where the defendant assails the sufficiency of the evidence, under familiar rules it is the appellate court's duty to examine the evidence which tends to support the verdict and to permit the verdict to stand unless plainly wrong."  Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992).  We do not substitute our judgment for that of the jury.  Id. (citing Snyder v. Commonwealth, 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961)).

First, appellant argues that because Dawe's husband, a co-owner of the Cadillac, did not testify, a reasonable hypothesis of innocence exists, i.e., that Dawe's husband gave appellant permission to use the car.  "When the Commonwealth relies on circumstantial evidence, it must 'exclude every reasonable hypothesis of innocence,' but need not disprove every remote possibility of innocence."  Barlow v. Commonwealth, 26 Va. App. 421, 429-30, 494 S.E.2d 901, 905 (1998) (quoting Pemberton v. Commonwealth, 17 Va. App. 651, 655, 440 S.E.2d 420, 422 (1994) (other citation omitted)).  "The hypotheses which the prosecution

-4-

must reasonably exclude are those 'which flow from the evidence itself, and not from the imagination of defendant's counsel.'" Black v. Commonwealth, 222 Va. 838, 841, 284 S.E.2d 608, 609 (1981) (quoting Turner v. Commonwealth, 218 Va. 141, 148, 235 S.E.2d 357, 361 (1977)).  Appellant's hypothesis of innocence is not based on the evidence; all of the evidence presented negates, rather than supports, the hypothesis.

The record contains no evidence that appellant or his codefendants had ever met Dawe or her husband.  One day after Dawe discovered that the car was missing, she reported it as stolen.  After the police recovered the car, Dawe and her husband went to the police impound lot to investigate the condition of the car.  At trial, Dawe continued to describe the car as "stolen."  Furthermore, we note that the condition of the Cadillac was inconsistent with use by permission.  When the police recovered the car, the interior was in disarray.  Most importantly, the steering column of the Cadillac was broken open to allow a person to start the car without the key.  The jury could reasonably infer from the actions of Dawe and her husband, as well as from the condition of the vehicle, that Dawe's husband had not granted appellant permission to use the car.

Appellant's hypothesis of innocence finds no support in the evidence, and is in fact disproven by the evidence.  Thus, the Commonwealth has no duty to exclude the hypothesis, and the judgment is not plainly wrong.  See Graham v. Commonwealth, 250

Va. 79, 85-86, 459 S.E.2d 97, 100 (1995).

Second, appellant argues that the Commonwealth's evidence did not show that he had dominion or control over the Cadillac. On that ground, he argues that the evidence does not prove that he was in joint, exclusive control of the vehicle, a necessary predicate for the application of the presumption of larceny by the possessor of recently stolen goods. "Once the crime [of larceny] is established, the unexplained possession of recently stolen goods permits an inference of larceny by the possessor." Id. "In order for the presumption to arise, the possession must be exclusive, but '[o]ne can be in exclusive possession of an item when he jointly possesses it with another,' as long as 'the accused was consciously asserting at least a possessory interest in the stolen property or was exercising dominion over [it].'" Archer v. Commonwealth, 26 Va. App. 1, 13, 492 S.E.2d 826, 832 (1997) (quoting Best v. Commonwealth, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981)). "There must be evidence of joint control to justify the inference of joint possession." Reese v. Commonwealth, 230 Va. 172, 175, 335 S.E.2d 266, 267 (1985). Virginia courts have repeatedly held that "proof that a defendant knew that an automobile is stolen and was in the automobile as a passenger does not suffice to prove the defendant guilty of larceny of the automobile." Burgess v. Commonwealth, 14 Va. App. 1018, 1023, 421 S.E.2d 664, 667 (1992) (citing Moehring v. Commonwealth, 223 Va. 564, 568, 290 S.E.2d 891, 893 (1982)); see

also, e.g., <u>Reese</u>, 230 Va. at 175, 335 S.E.2d at 267–68 (citing <u>Hall v. Commonwealth</u>, 225 Va. 533, 537, 303 S.E.2d 903, 904 (1983)).

We find that the evidence was sufficient to establish that appellant exercised dominion and control over the Cadillac and that he thus had joint, exclusive possession of the vehicle. Appellant, as well as Kirk and Wilson, used the Cadillac to execute the robbery, establishing joint control, and thus joint possession, of the Cadillac. Specifically, appellant used the Cadillac to escape after the robbery he committed in concert with the other defendants. This fact alone is sufficient to demonstrate the required factual predicate for the finding that appellant had exclusive joint possession of the stolen vehicle.

Finding no error, we affirm appellant's conviction.

<u>Affirmed.</u>