COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Lemons
Argued at Norfolk, Virginia


MARKEITH ALAN TURNER
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2117-97-1      JUDGE LARRY G. ELDER
                                        OCTOBER 6, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                        Randolph T. West, Judge

            Jeffrey C. Rountree for appellant.

            Eugene Murphy, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.



     Markeith Alan Turner (appellant) appeals his convictions of

robbery and use of a firearm during the commission of robbery.

He contends the evidence was insufficient to sustain his

convictions.  For the reasons that follow, we affirm.

                              I.

     The evidence, viewed in the light most favorable to the

Commonwealth, proved that, around 1:30 a.m. on July 11, 1996,

appellant, Karlin Johnson, and Floyd Jones were sitting on the

curb of a shopping center.  At about this time, the victim was

walking through the shopping center to some nearby apartments.

As the victim approached, Johnson announced to appellant and

Jones that he was "about to stick it."  In a statement made later

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

to the police, appellant stated he knew Johnson was going to rob the victim.  Johnson then pulled out what appeared to be a firearm, pointed it at the victim's head, and ordered the victim to lie face down on the ground.  Appellant later stated that he, Johnson, and Jones "gathered around [the victim]" and "were standing right there by the man" as Johnson forced the victim to the ground with his gun.  The victim testified that, as he lay on the ground, he felt a person other than Johnson pat him down and saw someone take his backpack.  The victim could not identify any of his assailants and did not see whether appellant was the person who removed the change and cigarettes from his pockets or took his backpack.  However, the victim did testify that all three of his assailants were talking to each other during the robbery and that they all walked away "together" after it was completed.  When appellant spoke to Detective Williams on July 22, he had knowledge of the specific items of property stolen from the victim.

## II.

When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  On review, this Court does not substitute its own judgment for that of the trier of fact.  See Cable v. Commonwealth, 243 Va. 236,

- 2 -

239, 415 S.E.2d 218, 220 (1992).  The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

"A conviction for robbery requires proof beyond a reasonable doubt that the defendant alone, or acting in concert with others, took property from the victim by force, threats, or violence, and that the intent to steal co-existed with the act of force." Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993).  One who aids and abets a robbery is "liable as a principal."  Pierce v. Commonwealth, 205 Va. 528, 534, 138 S.E.2d 28, 32 (1964).  While mere presence at the scene of a crime or knowledge that a crime is going to be committed does not constitute aiding and abetting,

> proof that a person is present at the commission of a crime without disapproving or opposing it, is evidence from which, in connection with other circumstances, it is competent for the [fact finder] to infer that he assented thereto, lent to it his countenance and approval, and was thereby aiding and abetting the same.

Pugliese, 16 Va. App. at 93-94, 428 S.E.2d at 25.

We hold that the evidence, when viewed in the light most favorable to the Commonwealth, was sufficient to prove that appellant aided and abetted the robbery of the victim.  Although Johnson was apparently the only individual to physically threaten the victim and it is unclear whether appellant actually took any of the victim's property, the record indicates that appellant was

more than an innocent bystander.

Appellant encouraged and assisted Johnson and Jones by remaining at the scene after realizing Johnson was going to rob the victim and by adding his physical presence to the confrontation. Credible evidence in the record indicates Johnson, Jones, and appellant rose from the curb where they were sitting, gathered around the victim and "[stood] right there next to" him while the robbery was committed. This act assisted Johnson and Jones by increasing the number of persons by which the victim was outnumbered, thus boosting the intimidating nature of the confrontation. The victim's testimony that "all three of them were walking together" as they left the scene of the robbery supports the conclusion that appellant contributed his physical presence and approval throughout the duration of the robbery. The fact that appellant acted in this manner after learning of Johnson's intent to rob the victim supports the conclusion that appellant shared this intent.

In his statement to Detective Williams, appellant acknowledged that he, along with his two companions, gathered around the victim and that he was aware of the contents of the stolen backpack. Furthermore, the trial court could infer from the portions of appellant's testimony that conflicted with the other evidence presented, including his own statement to Detective Williams, that appellant was lying to conceal his guilt. See Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d

- 4 -

865, 867 (1982).  Because the evidence proved that appellant, at a minimum, aided and abetted Johnson and Jones during the commission of the robbery, the trial court correctly concluded he was liable for the crime as if he were the principal perpetrator. Cf. Pierce, 205 Va. at 534, 138 S.E.2d at 32 (affirming conviction of robbery when evidence proved defendant was an aider and abettor).

We also hold that the evidence was sufficient to support appellant's conviction of using a firearm in the commission of robbery.  By aiding and abetting Johnson, who used the gun during the robbery, appellant "effectively 'used' [the firearm Johnson was using] and was thereby subject to the terms of Code § 18.2-53.1."  Cortner v. Commonwealth, 222 Va. 557, 563, 281 S.E.2d 908, 911 (1981).

For the foregoing reasons, we affirm the convictions.

Affirmed.

Benton, J., dissenting.

The robbery victim testified that as he approached the three young men, one of them pointed a gun at him and told him to get on the ground.  The victim knew that a person other than the robber searched him; however, he could not account for the presence or conduct of the third person.  He testified as follows:

Q    And I believe from the preliminary hearing, you said you didn't know where the third person was during this time; is that correct?

A    I did not.  All I saw was the feet in front of me.  All I knew, somebody was searching me, but I did catch out of the corner of my eye them taking my backpack and I did hear somebody else moving towards me, but at the preliminary hearing, I did not know where this third person was and I still do not know.

Q    All right.

A    But, anyway, somebody was patting me down and I heard somebody else --

Q    Somebody was patting you down and somebody was grabbing your backpack.  At preliminary hearing, I asked you, "Do you know whether or not that was the same person?"  You said, "No."

A    I said, "No," because I do not know.

Q    All right.  So there is certainly a possibility that there is a third individual who you can't account for their whereabouts; isn't that correct?

A    Well, yes, because I could not see them.

This testimony is not inconsistent with the statement

Markeith Alan Turner gave to the police shortly after his arrest.

[OFFICER]:  Okay tell me what happened?

TURNER:  Alright it was a dude walking by from ah Burger King, soon as we got by the video place, Karlin was like Floyd get up, I'm about to stick it.

 *      *      *      *      *      *      *

TURNER:  And so as Floyd got up Karlin pulled the gun out, said give me all your shit, I was just standing there I was s[h]ocked and while Floyd was going all in his pockets, so I started walking off slowly, at a slowly place and dude was still on the ground.

[OFFICER]:  When did you search his pockets?

TURNER:  No I didn't search his pockets.

[OFFICER]:  Did you touch him at all?

TURNER:  I did not touch him.

[OFFICER]:  But you knew what was going to happen?

TURNER:  Yes I knew what was going to happen.

[OFFICER]:  And when ah Karlin put the gun to his head and made him lay down on the ground all three of you'll were right there by the man?

TURNER:  Yes, sir.

[OFFICER]:  Okay and after the robbery was over with or every Karlin got the property from the man you'll walked away but you were kind of a little bit ahead of them?

TURNER:  Yes, sir.

[OFFICER]:  Okay and were you'll walking fast, were you just casually walking or where you running?

TURNER:  They was walking I was speed walking.

* * * * * * *

        [OFFICER]:  Okay and [your] basic part in
        this robbery was just being there when it
        went down?

        TURNER:  Yes, sir.

At trial, Turner's testimony varied from this statement. Turner testified that he began to walk away after Karlin announced his intention to commit the robbery and reached for his gun.

The guiding principles governing these facts are well established.

        It is, of course, well settled that mere
        presence and consent are not sufficient to
        constitute one an aider and abettor in the
        commission of a crime.  "There must be
        something done or said by him showing (a) his
        consent to the felonious purpose and (b) his
        contribution to its execution.  To make him
        an aider or abettor, he must be shown to have
        procured, encouraged, countenanced, or
        approved the commission of the crime.  * * *
         To constitute one an aider and abettor, it
        is essential that he share the criminal
        intent of the principal or party who
        committed the offense."

             . . . "To constitute one an aider and
        abettor, he must be guilty of some overt act,
        or he must share the criminal intent of the
        principal or party who commits the crime."

Jones v. Commonwealth, 208 Va. 370, 373, 157 S.E.2d 907, 909 (1967) (citations omitted).  See also Hall v. Commonwealth, 225 Va. 533, 536, 303 S.E.2d 903, 904 (1983).  The Commonwealth's evidence falls short of these requirements.  First, no evidence proved any overt act by Turner which indicated his participation

- 8 -

in the robbery.  Second, no evidence proved that Turner shared the criminal intent of the robbers.

Aside from the victim's testimony, the Commonwealth relies upon the statement Turner made to the police following the robbery.  While it is the responsibility of the finder of fact to weigh Turner's statements with other evidence provided at trial, it is our role to determine whether as a matter of law the evidence sufficiently proves Turner's guilt beyond a reasonable doubt.  See Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601-02 (1986).  I believe it does not.

Turner's statement indicates that once Karlin spoke of the robbery, Turner knew what the outcome would be.  Turner walked away because he did not want to associate himself with the crime.  Furthermore, Turner's knowledge of the items stolen is insufficient circumstantial evidence to prove his guilt.  The burden lies with the Commonwealth to "exclude every reasonable hypothesis of innocence."  Williams v. Commonwealth, 14 Va. App. 666, 670, 418 S.E.2d 346, 348 (1992) (citation omitted).  Nothing in the evidence is inconsistent with Turner's testimony that he did not know what was stolen until the next day when Karlin told him.  In light of Turner's detailed statement that he walked away when the gun was drawn and the victim's inability to say that Turner was a participant, sufficient doubt is raised whether Turner participated in the robbery.

As the Supreme Court noted in Jones:
    The evidence on behalf of the Commonwealth

> amounts to this: [the accused was] in company with . . . the actual perpetrator of the crimes, was present during the commission of the offenses, and fled the scene in order to escape arrest. While these related circumstances create a strong suspicion that [the accused] was an aider and abettor in the commission of the offenses, they do not support such a conclusion beyond a reasonable doubt. . . . [M]ere presence at the perpetration of a crime and flight from the scene are not sufficient to prove <u>particeps criminis</u> beyond a reasonable doubt.

208 Va. at 374, 157 S.E.2d at 910. Where, as in this case, there is no showing except mere presence to connect the accused to the robbery, the evidence only proves "highly suspicious circumstances [that may] demonstrate an exceedingly strong probability of guilt." <u>Hall</u>, 225 Va. at 536, 303 S.E.2d at 905. Yet, the principle is well established that "suspicion even though strong, is insufficient to sustain a criminal conviction." <u>Id.</u> at 537, 303 S.E.2d at 905.

For these reasons, I would reverse the convictions. Accordingly, I respectfully dissent.