COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Elder
Argued at Richmond, Virginia


MARK A. KIRBY

                                  MEMORANDUM OPINION[*] BY

v.   Record No. 0940-98-2          JUDGE LARRY G. ELDER
                                     MARCH 30, 1999

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CUMBERLAND COUNTY
Richard S. Blanton, Judge

Amy M. Curtis (Cary B. Bowen; Bowen, Bryant,
Champlin & Carr, on briefs), for appellant.

Jeffrey S. Shapiro, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Mark A. Kirby (appellant) appeals from his bench trial conviction for distribution of cocaine in violation of Code § 18.2-248.  On appeal, he contends the evidence was insufficient to support his conviction for distribution to a police informant.  For the reasons that follow, we affirm the conviction.

I.

FACTS

On November 26, 1996, Narcotics Investigator A.Q. Ellington was working with a reliable undercover informant named Kevin Hardy (the informant).  Under Ellington's supervision, the

---

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

informant was attempting to purchase cocaine from a target individual. When the informant was unable to reach the target individual by pager, he called a woman named Jackie Harvey to see if she could tell him where to purchase some crack cocaine, and he told her he would need a ride. Harvey told the informant she could supply him with transportation and that he should wait for a man in a burgundy or maroon Grand Am to pick him up and take him to a place where he could purchase cocaine. About seven minutes later, appellant pulled up in a maroon-burgundy Grand Am, and the informant got into the car.

While the informant was with appellant, Investigator Ellington monitored a transmitter which permitted him to hear appellant's and the informant's conversation. Appellant told the informant that Harvey had sent him and that he thought the informant could get some crack cocaine from a man named Charlie Randolph. Appellant then drove the informant to Randolph's house. Randolph and the informant then went inside the house where the informant purchased $40 of cocaine. The informant then got back into the car, where appellant had remained. During the return trip, appellant asked the informant to give him a piece of the cocaine in exchange "for [his] trouble." The informant then broke off a piece of the cocaine and gave it to appellant.

Charlie Randolph testified and denied selling drugs to the informant.

Appellant testified, claiming that Harvey had asked him to provide transportation for a friend, the informant, and told him that the informant would buy gasoline for appellant's car in exchange for the transportation. Appellant denied knowing the purpose of the trip until after leaving Randolph's house. Appellant contended that when he asked the informant to pay him for the transportation, the informant tried to give him something appellant knew was a drug.

Appellant moved to strike at the close of the Commonwealth's evidence, contending that it proved only that appellant possessed the cocaine and that, "even if you want to take it one step further, all you have is an accommodation. . . . [We] don't . . . have a[t] this point a full-fledged distribution." The trial court denied the motion.

At the close of all the evidence, appellant did not renew his motion to strike. Counsel for appellant contended in closing argument that appellant gave credible testimony and that the evidence, therefore, was insufficient to permit his conviction. In convicting appellant of distributing cocaine, the trial court found the informant's testimony credible and rejected appellant's, noting that the informant was "one of the

most credible informants that I have heard in the courtroom" and that "what he said about this whole transaction made sense."

## II.

### ANALYSIS

When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

> The weight which should be given to evidence
> and whether the testimony of a witness is
> credible are questions which the fact finder
> must decide.  However, whether a criminal
> conviction is supported by evidence
> sufficient to prove guilt beyond a reasonable
> doubt is not a question of fact but one of
> law.

Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601-02 (1986).

Appellant challenges the credibility of the Commonwealth's evidence and contends that this evidence, even viewed in the light most favorable to the Commonwealth, failed to prove that he facilitated the drug transaction or acted in collusion with the seller.

In order to have been convicted of drug distribution, appellant need not have been the actual distributor of the cocaine the informant purchased.  An accused may be convicted of

being a principal in the second degree to the underlying offense if the evidence proves that he "intended his words, gestures signals, or actions to in some way encourage, advise, or urge, or in some way help the person committing the crime to commit it." Ramsey v. Commonwealth, 2 Va. App. 265, 269, 343 S.E.2d 465, 468 (1986). "The prosecution must prove that the accused said or did something showing his consent to the felonious purpose and his contribution to its execution. . . . [H]e must share the criminal intent of the actual perpetrator or be guilty of some overt act." Hall v. Commonwealth, 225 Va. 533, 536, 303 S.E.2d 903, 904 (1983) (citation omitted). Under Code § 18.2-18, every principal in the second degree to the felony of drug distribution may be punished as if a principal in the first degree--the actual perpetrator.

The trial court, as the finder of fact, was entitled to reject appellant's testimony regarding the events of November 26, 1996, and to find, as it did, that the informant was telling the truth about appellant's involvement in what occurred that evening. Viewing Investigator Ellington's and the informant's testimony in the light most favorable to the Commonwealth, it proved that appellant facilitated Randolph's distribution of drugs to the informant. After the informant had spoken to Harvey about buying cocaine, appellant arrived in the vehicle Harvey said he would be driving. Appellant identified Randolph

- 5 -

as a source for drugs and drove the informant to Randolph's house so the informant could make the purchase. Upon completion of the sale, appellant requested and received a portion of the cocaine the informant had purchased in exchange "for [his] trouble." Appellant, through his actions, helped Randolph consummate the sale and was properly convicted of drug distribution as a principal in the second degree.

Appellant contends that, even if the evidence proved he participated in the distribution, it also proved that he did so as an accommodation, as set out in Code § 18.2-248(D).[1]

We hold that appellant is barred on appeal from claiming that he participated in the cocaine distribution as an accommodation. Under Rule 5A:18, any issue not properly presented to the trial court is deemed waived on appeal. Where

---

[1]Code § 18.2-248(D) provides as follows:

> If such person proves that he gave, distributed or possessed with intent to give or distribute a controlled substance classified in Schedule I or II only as an accommodation to another individual who is not an inmate in a community correctional facility, local correctional facility or state correctional facility as defined in § 53.1–1 or in the custody of an employee thereof, and not with intent to profit thereby from any consideration received or expected nor to induce the recipient or intended recipient of the controlled substance to use or become addicted to or dependent upon such controlled substance, he shall be guilty of a Class 5 felony.

a defendant moves to strike at the close of the Commonwealth's evidence but fails to renew that motion at the close of all the evidence and fails to contest the same issues raised in the motion to strike by some other means--such as through closing argument or a motion to set aside the verdict or to reconsider-- he has waived his right to raise those issues on appeal. See Lee v. Lee, 12 Va. App. 512, 514-16, 404 S.E.2d 736, 737-38 (1991) (en banc); White v. Commonwealth, 3 Va. App. 231, 233-34, 348 S.E.2d 866, 867-68 (1986).

Here, appellant raised the issue of accommodation in his motion to strike at the close of the Commonwealth's evidence, but he failed to renew his motion to strike at the close of all the evidence. In addition, he did not mention accommodation in his closing argument and did not make any post-trial motions. Therefore, he failed to preserve the issue of accommodation for appeal.

Even if appellant had properly preserved the issue for appeal, the record contains no evidence that he engaged in the distribution as an accommodation. Appellant's theory of the case was that he had no knowledge of the distribution until after it had occurred, whereas the Commonwealth's theory, accepted by the trial court, was that appellant was an active participant facilitating the transaction. Therefore, no evidence supported an accommodation theory.

For these reasons, we reject appellant's challenge to the sufficiency of the evidence and affirm the challenged conviction.

<u>Affirmed</u>.