COURT OF APPEALS OF VIRGINIA

Present:  Judges O'Brien, Russell and Senior Judge Clements
Argued at Richmond, Virginia

UNPUBLISHED

TIMOTHY LAMONT BOOTH, JR.

MEMORANDUM OPINION[*] BY
v.       Record No. 0532-19-2        JUDGE MARY GRACE O'BRIEN
FEBRUARY 4, 2020

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Lynn S. Brice, Judge

C. David Sands, III (Winslow & McCurry, PLLC, on briefs),
for appellant.

Timothy J. Huffstutter, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Following a bench trial, the court convicted Timothy Lamont Booth, Jr. ("appellant") of

possessing ammunition as a convicted felon, in violation of Code § 18.2-308.2.  Appellant contends

the evidence was insufficient to prove that he constructively possessed the ammunition.  We agree

and reverse appellant's conviction.

BACKGROUND

On April 3, 2018, Chesterfield County police officers executed a search warrant on the

residence of Tekeiron Booth ("Tekeiron").  Three people were present:  Tekeiron, who was on the

lease and is not related to appellant, appellant's mother, and his brother.  Appellant was not present

at the residence when police executed the warrant.

Officer Christopher D. Murphy found two plastic grocery bags on the floor of a bedroom

furnished with two beds, a nightstand, and a dresser.  The bags, partially concealed under one of the

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

beds, contained .380 and .40 caliber bullets. The officer also located two boxes of .22 caliber long rifle ammunition in the same area of the bedroom.

In addition, Officer Murphy found an empty gun holster in the nightstand, as well as a wallet containing appellant's 2012-13 school photo identification card and a debit card expiring in March 2019. The Commonwealth presented testimony that officers observed a bill in the bedroom with appellant's name on it; however, the Commonwealth did not introduce the bill itself into evidence or any information concerning its date or address. An officer also testified about finding a paper bag containing prescription medication bearing appellant's name on top of the dresser. The officer could not recall the date of the medication, which was not admitted into evidence, but testified that "[i]t was a lot more recent than the [date] of the photo ID."

Tekeiron told the officers that he resided in the bedroom where they found the ammunition. He also inquired about an Xbox and a Game Station that the officers seized from the bedroom. Appellant did not testify at trial but presented evidence from his ex-girlfriend who stated that she and appellant "sometimes" lived together. Appellant's girlfriend did not live at Tekeiron's residence. The parties stipulated that appellant was a convicted felon.

The court found it significant that appellant's expired school identification card and valid debit card were near the ammunition, as well as the fact that appellant's "more recent" medication was on top of the dresser. The court convicted appellant, and this appeal followed.

ANALYSIS

In reviewing a challenge to the sufficiency of the evidence, we afford the "highest degree of appellate deference" to the court's factual findings. Bowman v. Commonwealth, 290 Va. 492, 496 (2015). In accordance with this deference, we presume the court's findings were correct, and we will not disturb the judgment unless it was "plainly wrong or without evidence to support it." Code § 8.01-680. "An appellate court does not 'ask itself whether *it* believes that the evidence at the trial

established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "'Rather, the relevant question is,' upon review of the evidence in the light most favorable to the prosecution, 'whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Pijor v. Commonwealth, 294 Va. 502, 512 (2017) (quoting Dietz v. Commonwealth, 294 Va. 123, 132 (2017)).

Code § 18.2-308.2 prohibits a convicted felon from "knowingly and intentionally possess[ing] . . . any . . . ammunition for a firearm." Code § 18.2-308.2(A). The Commonwealth is not required to prove that a defendant physically possessed the ammunition; possession may be actual or constructive. See Bolden v. Commonwealth, 275 Va. 144, 148 (2008). Constructive possession requires "facts and circumstances proving that the defendant was aware of the presence and character of the [contraband] and that [it] was subject to his dominion and control." Rawls v. Commonwealth, 272 Va. 334, 349 (2006). A court may consider "ownership or occupancy of the premises where the [contraband] is found" as factors probative of constructive possession. Id. at 350.

This case is controlled by Cordon v. Commonwealth, 280 Va. 691 (2010). In Cordon, the Supreme Court reversed a defendant's conviction for constructive possession of cocaine found in a cooler located in a bedroom. Id. at 693. The bedroom also contained checks and documents with the defendant's name and a business card that a police officer had given the defendant two days earlier, when the officer was investigating a burglary at the house. Id. At that time, the defendant advised the officer that the house belonged to his uncle, but the bedroom was his. Id. Later, when police told him that drugs were seized from the bedroom, the defendant denied living at the house. Id. at 694. In finding the evidence insufficient to prove the defendant exercised dominion and control over the drugs found in the cooler, the Supreme Court noted that the cooler was "a very

portable item." Id. at 696. Further, the Supreme Court found it significant that the defendant was not present when the drugs were seized and "no evidence placed [the defendant] at the house at any time between the day [he identified the room as his] and the day the search warrant was executed." Id.

Similarly, here, appellant was not present when the search warrant was executed at Tekeiron's residence. Despite officers finding prescription medication, a valid debit card, and an expired school identification card – each item bearing appellant's name – in the bedroom, nothing established that appellant was ever present in the bedroom simultaneously with the seized contraband. See id.

Other cases also indicate that a constructive possession conviction requires sufficient evidence of simultaneity between a defendant's presence in the searched premises and the seized contraband. See, e.g., Hall v. Commonwealth, 69 Va. App. 437, 448-50 (2018); Shurbaji v. Commonwealth, 18 Va. App. 415, 424 (1994). In Hall, we found the evidence sufficient where officers located numerous items that connected the defendant to a bedroom containing contraband, including several pieces of mail, bills listing the address of the searched residence, titles to vehicles naming the defendant as the owner, and medication for the defendant and her child. 69 Va. App. at 448-49. Additionally, officers saw the defendant leaving the residence on the morning the search was executed. Id. at 448. In Shurbaji, we affirmed a conviction for constructive possession based on evidence that the defendant paid the mortgage of the home where the contraband was found. 18 Va. App. at 424. The defendant arrived during execution of the search warrant but "turned around and drove hurriedly away" when he noticed the police. Id. Additionally, the officers observed, "[i]nterspersed among the cocaine and paraphernalia," the defendant's United States and Syrian passports, his wallet containing credit and bank cards, personal checks signed by the defendant, and "current personal papers and envelopes addressed to him at the searched residence." Id.

In this case, however, appellant was never seen at the residence, and no testimony or documentary evidence was introduced establishing that he was ever present in the bedroom when the ammunition was there. Further, in Cordon, the defendant's admission and subsequent denial concerning ownership of the bedroom gave rise to an inference that he was lying to conceal guilt. 280 Va. at 696. Nevertheless, this inference along with the remaining evidence still failed to establish constructive possession of contraband found in the bedroom. Id. Here, appellant did not give conflicting statements, nor any statements at all, regarding any ownership interest in the bedroom or that he was aware of the ammunition. The ammunition was discovered in two plastic grocery bags and two boxes which, like the cooler in Cordon, were easily portable. See id.

Although the circumstantial evidence in this case may appear suspicious, to establish constructive possession, "[t]he evidence must rise beyond 'the realm of probability and supposition'" that appellant exercised dominion and control over the contraband. Hancock v. Commonwealth, 21 Va. App. 466, 472 (1995) (quoting Hall v. Commonwealth, 225 Va. 533, 537 (1983)). Because the evidence failed to establish beyond a reasonable doubt that appellant actually or constructively possessed the ammunition, we reverse his conviction.

Reversed and dismissed.