## Richmond

### John Murray v. Commonwealth of Virginia.

October 13, 1969.

Record No. 7079.

Present, Snead, C. J., and I'Anson, Carrico, Gordon and Harrison, JJ.

*Harrison Bruce, Jr.,* for plaintiff in error.

*Walter H. Ryland, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for defendant in error.

Gordon, J., delivered the opinion of the court.

On January 1, 1968 Thomas Grace accosted Adolphus Coltes, knocked him down and stole his wallet. Defendant John Murray, who was with Grace before, during and after that incident, stands convicted of robbing Coltes as a principal in the second degree. The only issue on this appeal is whether the evidence adduced at Murray's trial supports his conviction.

On the morning of January 1, 1968, Murray and Grace were together in the parking lot in the 800 block of West Grace Street in Richmond. They were observed drinking together and attempting to open the doors of vehicles parked in the area.

Shortly before noon, Murray and Grace saw Coltes walking west on Grace Street. When they approached Coltes, Grace tapped him on the shoulder and asked for the loan of a dollar.

A Commonwealth witness, who was standing on a porch across the street, saw Coltes remove his wallet from his pocket. He noticed

that Grace was on Coltes's left and Murray on his right—"they were real close". A woman who was also standing on the porch said "Watch". Grace then struck Coltes, knocked him down and picked up his wallet. Grace put Coltes's wallet in his pocket, and he and Murray ran away.

The witness who had observed the incident chased Grace and Murray, but he gave up the chase after Grace threw a brickbat at him. Grace and Murray ran into an abandoned building where they were subsequently arrested.

A person cannot be convicted as a principal in the second degree—that is, as an aider or abettor—upon evidence that he was merely present during the commission of a crime and fled from the scene of the crime. *Jones* v. *Commonwealth*, 208 Va. 370, 157 S.E.2d 907 (1967); *Jenkins* v. *Commonwealth*, 132 Va. 692, 111 S.E. 101 (1922). But the trier of fact can consider flight of the accused from the scene of the crime as a circumstance tending to establish his guilt. *Id.*

A person can be convicted as a principal in the second degree, however, upon evidence that he not only was present, but also committed some overt act—such as inciting, encouraging, advising or assisting in the commission of the crime—or shared the prime actor's criminal intent. *Snyder* v. *Commonwealth*, 202 Va. 1009, 1015, 121 S.E.2d 452, 457 (1961); *Spradlin* v. *Commonwealth*, 195 Va. 523, 526-28, 79 S.E.2d 443, 444-446 (1954); *see Jones* v. *Commonwealth, supra* at 373, 157 S.E.2d at 909.

Murray's counsel contends the evidence showed only that Murray was present when Grace committed the crime and Murray fled from the scene of the crime. The Attorney General contends the evidence supported findings that Murray encouraged and assisted Grace in the criminal act and that he shared Grace's criminal intent. We agree with the Attorney General and affirm the conviction.

The Commonwealth's evidence showed not only circumstances tending to establish Murray's guilt—such as Murray's attempts to open the doors of parked automobiles and his flight with Grace after the robbery. The evidence also showed at least one overt act toward Coltes: Murray's standing "real close" to Coltes immediately before the robbery. From this evidence, the trier of fact could properly infer that Murray, in concert with Grace, intended to intimidate Coltes as a prelude to robbing him.

*Jones* v. *Commonwealth, supra*, relied on principally by Murray's counsel, is distinguishable. Jones and another man walked onto a

woman's porch, the other man knocked on the door and, when the door was opened, the other man jumped through the door and grabbed the woman. The evidence did not show, directly or by inference, that Jones encouraged or assisted the other man in the criminal act or that Jones knew of the other man's criminal intent.

*Affirmed.*