### Richmond

WILLIAM EUGENE MOEHRING

V.

COMMONWEALTH OF VIRGINIA

April 30, 1982.

Record No. 810586.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ., and Harrison, Retired Justice.

*Carl E. Eason, Jr. (Pretlow, Pretlow & Moore*, P.C., on brief), for appellant.

*Elizabeth C. Gay, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

HARRISON, R.J., delivered the opinion of the Court.

The defendant, William Eugene Moehring, contends that the evidence is insufficient to sustain his conviction of grand larceny.

On Saturday night, March 22, 1980, Samuel Faison, then a resident of Portsmouth, attended a private party near Smithfield. Faison drank heavily at the party and either "fell asleep or passed out." When he awakened between 3 a.m. and 4 a.m. and discovered that he had no transportation to Portsmouth, he started hitchhiking.

At approximately 6 a.m. Sunday morning, March 23, James Keeling, a commercial fisherman, drove his pickup truck south along U. S. Highway 17 near Bailey's Service Station. Route 17 is a four-lane divided highway running generally north to Newport News and south to Portsmouth. Keeling turned left from the southbound lanes of the highway into a cross-over to reach the service station to purchase gasoline. At that time he saw Faison and Moehring walking together in the southbound lane and "thumbing" a ride. After obtaining gas, Keeling "went in to pay the lady," leaving his keys in the truck. While inside, he looked through a window and saw Faison in his truck preparing to leave the station. Keeling ran out of the station yelling at Faison to stop, but by then Faison had driven the truck out of the station area and was headed north. Keeling testified that while the theft was in progress Moehring "was still across the road, thumbing or whatever, walking in the road." Keeling called to Moehring to find out Faison's identity. Moehring replied that he "did not know the guy's name."

Faison drove the stolen vehicle to the intersection of Route 17 and the Benns Church Road, made a left turn and disappeared from Keeling's sight. Faison testified that when he realized he was headed in the wrong direction to go to his home in Portsmouth, he turned around, retraced his route, and drove south on Route 17 and past Bailey's Service Station. Keeling said that about a hundred yards "down the road" from the station, Faison stopped abruptly, picked up Moehring, and continued south on Route 17.

The theft was immediately reported to the police, and a Suffolk police officer stopped the truck shortly thereafter. The arresting officer testified at trial that both Faison and Moehring told him that they had been to a party the night before and were walking back together. However, in their written statements to the police,

given separately and shortly after their arrest, each man denied any previous acquaintance with the other. Faison testified at trial that he alone was responsible for taking the truck; that Moehring had no part in the planning of the event; and that he did not tell Moehring the vehicle had been stolen until the police chase resulted, at which time Moehring implored him to stop the vehicle.

In announcing its oral decision, the trial court, although acknowledging that the presence and flight of Moehring were not sufficient to sustain a conviction of the defendant, held the evidence to be sufficient because "in the particular instance, Mr. Moehring—testimony is, and credible testimony is—was present when he saw the vehicle being taken, and he left the scene. And he didn't just leave, but he left in the very vehicle that was stolen from the scene, that he saw it was stolen."

The Commonwealth argues that the evidence is sufficient to support defendant's conviction for grand larceny, either as a principal in the second degree or as one in the joint possession of stolen property.

A principal in the second degree is one who is not only present at a crime's commission, but one who also commits some overt act, such as inciting, encouraging, advising, or assisting in the commission of the crime or shares the perpetrator's criminal intent. *Murray* v. *Commonwealth*, 210 Va. 282, 170 S.E.2d 3 (1969); *Triplett* v. *Commonwealth*, 141 Va. 577, 127 S.E. 486 (1925); W. LaFave & A. Scott, *Handbook on Criminal Law* 497 (1972). Mere presence during the commission of a crime and subsequent flight do not constitute sufficient evidence to convict a person as a principal in the second degree. *Grant* v. *Commonwealth*, 216 Va. 166, 217 S.E.2d 806 (1975); *Whitbeck* v. *Commonwealth*, 210 Va. 324, 170 S.E.2d 776 (1969).

The Commonwealth's evidence and the reasonable inferences deducible from that evidence do not establish that Moehring aided Faison in the theft or that he shared Faison's intent to deprive Keeling of his truck. All that the prosecution proved was that two men were observed walking south along Route 17 in the early morning hours of March 23, 1980; that each was attempting to "thumb" a ride from passing motorists; that one of the men, Faison, apparently despaired of success, left his fellow hitchhiker and went across the highway and stole a truck; that the other man, Moehring, continued walking and "thumbing"; and that some minutes later Moehring was given a ride in the stolen truck.

When Faison committed his larceny of the truck, Moehring was across a double-lane highway some distance from the scene. Under such circumstances, it is difficult to regard him as a "lookout," or an accessory before the fact. And the mere acceptance by Moehring of a ride in the stolen vehicle (and like acceptance by another hitchhiker who was acquitted of the larceny of the truck) did not in any way aid Faison. Taken in the light most favorable to the Commonwealth, the evidence fails to meet either the overt act or shared intent requirements of *Triplett* and *Murray, supra.*

█ Because larceny is a continuing offense, anyone who knows that personal property is stolen and assists in its transportation or disposition is guilty of larceny. *Dunlavey* v. *Commonwealth*, 184 Va. 521, 35 S.E.2d 763 (1945). However, in the instant case there is no evidence that Moehring assisted in any way in the transportation or disposition of the truck he knew to be stolen. On the contrary, Faison testified it was the defendant who finally convinced him to abandon his flight and surrender to the police. The arresting officer noticed the exchange between Moehring and Faison prior to the time Faison stopped. The officer said "he [Moehring] reached over once and grabbed him or poked him or something to that effect."

█ The presumption of theft arising from the unexplained possession of recently stolen property requires, *inter alia*, a showing of exclusive possession of the stolen property by the accused, though such possession may be joint. *Castle* v. *Commonwealth*, 196 Va. 222, 225-27, 83 S.E.2d 360, 363 (1954). There is no evidence in the record which demonstrates that Moehring exercised any degree of dominion or control over the stolen truck, or from which the court could have inferred that defendant possessed the truck jointly with Faison. Neither do we find evidence that established beyond a reasonable doubt that Moehring countenanced or approved the theft of the truck by Faison, or wished the venture to succeed. The most that can be said with reasonable certainty is that this defendant-hitchhiker accepted a ride from the first person who stopped and that he knew that person was driving a stolen vehicle. This conduct does raise a suspicion of guilt. However, it is not sufficient to establish beyond a reasonable doubt that the defendant committed grand larceny.

The judgment of the trial court is reversed and the case dismissed. *Hudson* v. *Louisiana*, 450 U.S. 40 (1981).

*Reversed and dismissed.*

THOMPSON, J., dissenting.

The majority concluded that the evidence and the reasonable inferences deducible from that evidence do not establish Moehring's guilt as a principal in the second degree. The trial court stated:

> In the case of Mr. Moehring, I would agree mere presence is not enough, and neither is flight from the scene or leaving the scene, but in this particular instance, Mr. Moehring—testimony is, and credible testimony is—was present when he saw the vehicle being taken, and he left the scene. And he didn't just leave, but he left in the very vehicle that was stolen from the scene, that he saw it was stolen. Only inference, credible, reasonable inference that the Court can take from that kind of testimony. And based on that, I am going to find you also guilty of grand larceny, Mr. Moehring, as charged in the indictment.

If *Foster v. Commonwealth*, 179 Va. 96, 18 S.E.2d 314 (1942) and *Murray v. Commonwealth*, 210 Va. 282, 170 S.E.2d 3 (1969) remain good law, then Moehring aided and abetted Faison in larceny of Keeling's truck. In *Foster*, we held that any person present at a crime who "approves" or "countenances" it, by any means, is assumed to be an aider and abettor. *Foster, supra* at 99, 18 S.E.2d at 315. Moehring's acceptance of a ride in a car which he knew was stolen constitutes approval. In *Murray, supra*, the defendant was convicted of robbery as a principal in the second degree merely because he stood "real close" while his friend robbed the victim. Moehring observed the theft and then rode off in the stolen vehicle. His conduct reveals more overt action than the defendant in *Murray*. Further, the fact finder may draw all reasonable inferences from the circumstances surrounding the crime, *Skeeter v. Commonwealth*, 217 Va. 722, 232 S.E.2d 756 (1977), *Murray, supra* in this case, Moehring's actions before and after the theft.

The Commonwealth's evidence supports the inference that prior to the theft Moehring either planned it with Faison or agreed to

act as a "lookout." On this basis, the court could find that Moehring aided and abetted.

CARRICO, C.J., joins in dissent.