COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Overton and Senior Judge Duff
Argued at Alexandria, Virginia


HERMAN CEFUS NEWMAN
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2483-97-4          JUDGE CHARLES H. DUFF
                                         OCTOBER 27, 1998
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                    Carleton Penn, Judge Designate

            S. Jane Chittom (Elwood E. Sanders, Jr.;
            Public Defender Commission, on briefs), for
            appellant.

            Kathleen B. Martin, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.



     Herman Cefus Newman was convicted in a bench trial of grand

larceny.  On appeal, he contends that the trial court erred by

admitting into evidence a prior out-of-court identification of

Newman by a witness where the witness, at trial, testified that

the thief was not in the courtroom.  We conclude that any error

committed by the trial court was harmless.  Therefore, we affirm

the conviction.

                                I.

     "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom."  Martin v. Commonwealth,

4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

So viewed, the evidence proved that Steven Owens saw a man remove tools from Franklin Kirby's garage on January 15, 1996. Although Owens positively identified Newman as the thief from a photographic display, he could not so identify him at trial.

Leroy Johnson, David Drone, and George Parsley also testified for the Commonwealth. Their testimony established that Newman borrowed a car belonging to Johnson's fiancee on January 15, 1996. Johnson's stepson accompanied Newman. Upon returning with the car, Newman told Johnson that they had "some stuff to take to sell." Newman, Johnson, and another man then retrieved tools from a nearby ditch. Newman and Johnson sold the tools[1] to Drone. Parsley, a clerk at a local market, cashed Drone's check for Johnson and Newman. Johnson received $10 from the sale of the tools, and Newman received the balance.

## II.

In finding Newman guilty of grand larceny, the trial judge acknowledged that Owens failed to identify Newman in court although Owens had identified him from the photographic display. The judge then stated: "The Court may disregard that and find that the Defendant is a principal in the second degree, therefore, guilty of grand larceny. The evidence shows that he

_____

[1]The tools included an impact power wrench, an electric drill, a three-quarter impact wrench, a floor jack, a battery charger, a portable air tank, an electric sander, and small hand tools. Kirby valued these tools at $685. Johnson testified that he and Newman sold "some ratchets and air guns and some loose tools" to Drone. Drone paid $120 for the tools.

was conjointly in possession of the stolen goods . . . ." (Emphasis added.).

For purposes of this appeal, we will assume, without deciding, that the trial court erred in admitting the evidence of Owens's out-of-court identification. That error, however, was harmless.

> In Virginia, non-constitutional error is harmless "when it _plainly appears_ from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678 (emphasis added). "[A] fair trial on the merits and substantial justice" are not achieved if an error at trial has affected the verdict. Consequently, under Code § 8.01-678, a criminal conviction must be reversed unless "it plainly appears from the record and the evidence given at the trial that" the error did not affect the verdict. An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same.

Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc).

The trial judge's statements make clear that, even without considering the evidence of Owens's out-of-court identification, he determined that Newman was guilty as a principal in the second degree. The evidence supports that determination.

It is well settled that "anyone who knows that personal property is stolen and assists in its transportation or disposition is guilty of larceny." Moehring v. Commonwealth, 223

- 3 -

Va. 564, 568, 290 S.E.2d 891, 892 (1982).  Owens saw a man remove the tools from Kirby's garage.  Later that day, Newman told Johnson that they had "some stuff to take to sell."  Newman and Johnson retrieved the tools from a ditch, and sold them to Drone, with Newman receiving the bulk of the proceeds.  This evidence, viewed in the light most favorable to the Commonwealth with all reasonable inferences flowing therefrom, was sufficient to prove beyond a reasonable doubt that Newman, at a minimum, knew the tools were stolen and assisted in their transportation and disposition.

Newman, attacking Johnson's credibility, argues that in the absence of evidence of Owens's out-of-court identification, no credible evidence supports his guilt.  We disagree.  The trial judge believed Johnson's testimony.  "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).  Johnson's testimony was competent and was not inherently incredible.  Moreover, his testimony was corroborated in part by the testimony of Drone and Parsley.

Accordingly, even in the absence of Owens's identification evidence, the evidence was sufficient to prove beyond a reasonable doubt that Newman was guilty of grand larceny.  Thus, any error committed by the trial court was harmless.

Affirmed.