COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Bumgardner and Felton
Argued at Salem, Virginia


ROSALYNN WHITE SPRUILL

MEMORANDUM OPINION[*] BY

v.    Record No. 3054-01-3       JUDGE WALTER S. FELTON, JR.
                                       NOVEMBER 26, 2002

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

Robert W. Williams, Jr., Assistant Public
Defender (Office of the Public Defender, on
brief), for appellant.

Steven A. Witmer, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.


Rosalynn Spruill was convicted in a bench trial of (1) aiding and abetting forgery, in violation of Code § 18.2-172; (2) aiding and abetting uttering, in violation of Code § 18.2-172; and (3) aiding and abetting petit larceny, in violation of Code § 18.2-96(2). On appeal, she contends the evidence was insufficient to support a conviction on all three counts because she did not commit an overt act or share the criminal intent of the actual perpetrator. We affirm the judgment of the trial court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  BACKGROUND

A.  OFFENSES AND INVESTIGATION

On the afternoon of January 31, 2001, Rosalynn Spruill, Pamela Wright, and Audrey Johnson entered a Toys-R-Us in the city of Danville as part of a daylong shopping trip.  Ms. Wright is Spruill's niece and lives with her in Greensboro, North Carolina.  Ms. Johnson, also a Greensboro resident, is their friend and closely resembled Spruill.

At 1:42 p.m., Doricia Eanes, a cashier at the Toys-R-Us, was presented with a counterfeit American Express traveler's check in the amount of one hundred dollars.  A black woman with reddish-orange hair tendered the traveler's check as payment for some store merchandise.  To complete the transaction, the woman presented a driver's license identifying her as "Bridgett Hayes" and signed the check using that name.

During the transaction, Ms. Eanes observed two other black women standing at the register with the customer who presented the counterfeit check.  She saw neither of these two women handle the merchandise nor participate in the transaction.  Ms. Eanes did not observe any interaction between the three women other than their standing together at the cash register.  When the transaction was complete, the women left the store together.

At approximately 7:10 p.m. that evening, a 2001 Chevy Blazer, traveling eighty miles per hour in a posted fifty-five miles per hour zone, sped past Virginia State Trooper Steve

-

Shelton, Sr. on Route 29 near Gretna, in Pittsylvania County. Before he could activate his blue emergency lights, the vehicle pulled over. When the vehicle stopped, Trooper Shelton saw Spruill get out of the rear passenger side door and get into the driver's seat, switching places with the driver, Pamela Wright.

Trooper Shelton approached the vehicle, and Spruill gave him her North Carolina driver's license. Despite Spruill's insistence that she was the one driving, Trooper Shelton also asked to see Ms. Wright's license. Ms. Wright admitted that she had been driving and that her license was suspended. She gave Trooper Shelton her social security number, which he used to run a criminal background check. The background check reflected that Ms. Wright had an outstanding warrant and that the vehicle had been reported stolen from the Greensboro, North Carolina area. Trooper Shelton placed all of the vehicle's occupants under arrest.

Incident to the arrest, Trooper Shelton impounded the vehicle and conducted an inventory search. The search yielded twenty-seven, $100 denomination, blank counterfeit American Express traveler's checks. The counterfeit traveler's checks were discovered in a pouch located on the back of the front passenger seat, directly in front of where Spruill was sitting immediately before the vehicle was stopped by Trooper Shelton. In addition to the counterfeit traveler's checks, Trooper Shelton found numerous packages from Toys-R-Us and Wal-Mart as

-

well as sales receipts from Toys-R-Us, Wal-Mart, Footlocker, and Target. Trooper Shelton contacted Detective J.T. Henderson of the Danville Police Department and gave the traveler's checks to him.

During his investigation, Detective Henderson determined the traveler's checks to be counterfeit and that one of them was presented on January 31, 2001, to Toys-R-Us in Danville in exchange for merchandise. In addition, he obtained photographs of the three women arrested by Trooper Shelton. Detective Henderson created three photo arrays with each woman's photo shown in a different array and in a different location within the array. On February 6, 2001, Detective Henderson showed each of the arrays to Ms. Eanes. She identified the photo of Spruill as the woman who signed and presented her with the traveler's check.

## B. TRIAL

Spruill was charged with (1) forgery, in violation of Code § 18.2-172; (2) uttering, in violation of Code § 18.2-172; and (3) petit larceny, in violation of Code § 18.2-96(2). During the bench trial, a certificate of analysis, prepared by Richard Horton of the Virginia Division of Forensic Science, was admitted into evidence. The certificate of analysis provided the results of a comparative handwriting analysis performed on the counterfeit traveler's check and twenty-one known writings by Spruill. The forensic analysis determined that "[t]here are

-

indications the author of Item 1, Rosalynn Spruill, did not write the questioned entries on the front of [the American Express traveler's check]."

Baron Daniel, director of the security division for American Express, was called to testify regarding the counterfeit checks.

> Q [Mr. Reynolds, Commonwealth's attorney]: Without revealing any trade secrets or anything, can you tell us whether or not that particular Item #2 is an authentic American Express Traveler's Check?
>
> A [Baron Daniel]: The most obvious feature is the Centurion in the lower left center of the front of the check, in the center. This is supposed to be a silver holographic foil that illuminates in different shades when you turn the check. That's the most obvious. We don't duplicate our serial numbers and there have been several replications of this serial number on the night of this incident that we are already aware of.
>
> Q: In addition to the twenty-seven checks that were recovered by the police in this particular incident?
>
> A: Yes.
>
> Q: Had there been other instances where checks of that same serial number had been passed?
>
> A: Yes, sir.
>
> Q: Where?
>
> A: Initially in the Winston Salem [sic], Greensboro area. That started around the 18th of January.

-

Q: Where else?

A: Then to this area of Virginia, Martinsville, Danville, Roanoke and that's most of my recollection, around the Greensboro area.

Q: How about Lynchburg?

A: Lynchburg, that's right.

Q: All right. Is that an authentic traveler's check?

A: No, sir, it's an ink jet photocopy of a traveler's check.

At trial, Spruill testified in her own defense. She admitted she was with Ms. Wright and Ms. Johnson at the Toys-R-Us on January 31, 2001. She further testified that she and Ms. Johnson looked similar in appearance and that on the day of the offense, Ms. Johnson's hair color was burnt orange. However, she claimed she had no knowledge of the transaction between Ms. Johnson and Ms. Eanes at the Danville Toys-R-Us. Spruill testified that at the time of the transaction between Ms. Johnson and Ms. Eanes, she was not at the cash register, but sitting down on a bench near the door. She further testified that when she got into the vehicle with her roommate-niece that morning in Greensboro, North Carolina, she did not know where they were going, and was just along for the ride. She denied knowing why they traveled to Virginia to shop at Wal-Mart, Toys-R-Us, or Footlocker. Spruill was found guilty of aiding and abetting forgery, uttering, and petit larceny.

-

## II. ANALYSIS

Spruill contends on appeal that the evidence was insufficient to prove beyond a reasonable doubt that she aided and abetted forgery, uttering, and petit larceny. We disagree.

> When the sufficiency of the evidence is challenged on appeal, it is well established that we must view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The conviction will be disturbed only if plainly wrong or without evidence to support it.

Jones v. Commonwealth, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992). The credibility of the witnesses and the weight accorded their testimony are matters solely within the province of the fact finder. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

"The law is settled that mere presence is not sufficient to establish that one is a principal in the second degree, an aider and abettor to the commission of a crime." Hall v. Commonwealth, 225 Va. 533, 536, 303 S.E.2d 903, 904 (1983). However:

> it is certain that proof that a person is present at the commission of a crime without disapproving or opposing it, is evidence from which, in connection with other circumstances, it is competent for the [judge or] jury to infer that he assented thereto, lent to it his countenance and approval, and was thereby aiding and abetting the same.

-

Hampton v. Commonwealth, 32 Va. App. 644, 648-49, 529 S.E.2d 843, 845 (2000) (quoting Foster v. Commonwealth, 179 Va. 96, 100, 18 S.E.2d 314, 316 (1942)).

In considering the totality of the circumstances, the evidence in this case establishes that Spruill and her companions undertook a scheme to present counterfeit traveler's checks to stores in Virginia.  As part of that larger scheme, a counterfeit traveler's check was passed at the Danville Toys-R-Us.  Mr. Daniel, the security division director for American Express, testified that beginning around January 18, 2001, counterfeit checks of the same serial number as the Toys-R-Us check were initially passed in the Greensboro and Winston-Salem, North Carolina area where Spruill and Ms. Wright were residents. Approximately a week and a half later the counterfeit checks began showing up in Martinsville, Danville, Lynchburg, and Roanoke.

On January 31, 2001, Spruill got into a stolen vehicle with her niece and housemate, Pamela Wright, and another friend, Audrey Johnson, whom she resembled in appearance.  The trio left Greensboro, North Carolina for an all-day shopping spree in Virginia.  Once in Virginia, the women made stops at common retailers, including Wal-Mart, Footlocker, and Toys-R-Us, in the Danville and Lynchburg areas.

At the Danville Toys-R-Us, Ms. Johnson presented a counterfeit traveler's check in exchange for merchandise while Spruill and Ms. Wright stood by.  Twenty-seven additional blank

-

counterfeit traveler's checks, bearing the same serial number as the counterfeit check passed by Ms. Johnson at the Danville Toys-R-Us, were discovered in a pouch on the back of the seat immediately in front of where Spruill was sitting when Trooper Shelton first stopped their stolen vehicle.

The trial judge was not required to believe Spruill's testimony that she was unaware of the purpose and destination of their trip when she lived with Ms. Wright and was good friends with Ms. Johnson, whom she resembled. The trial judge also was not required to believe that she possessed no knowledge of the counterfeit traveler's checks or knowledge of the transaction at the Toys-R-Us when twenty-seven counterfeit traveler's checks were discovered in a pouch immediately in front of where she was sitting when Trooper Shelton stopped their vehicle. Finally, the trial judge was not required to believe that, at the Toys-R-Us, she was sitting on a bench near the door when Ms. Johnson presented the counterfeit check when the cashier placed her at the cash register with the other two women during the transaction. Finding Spruill's testimony to be incredible, the trial judge may infer that she was attempting to conceal her guilt. Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981).

Viewing the totality of the circumstances, the trial judge could reasonably conclude beyond a reasonable doubt that Spruill assented to, lent her countenance and approval, encouraged, and

-

was thereby aiding and abetting a common plan and scheme to commit forgery, uttering, and petit larceny, using counterfeit American Express traveler's checks.

The judgment of the trial court is affirmed.

Affirmed.