COURT OF APPEALS OF VIRGINIA


Present:  Judges Felton, Kelsey and Senior Judge Willis
Argued by teleconference


JOSEPH LAMONT NELSON
                                        MEMORANDUM OPINION* BY
v.    Record No. 1868-02-2          JUDGE WALTER S. FELTON, JR.
                                             JUNE 24, 2003
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                       Edward L. Hogshire, Judge

            Bonnie J. Lepold (Snook & Haughey, P.C., on
            brief), for appellant.

            Leah A. Darron, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


     Joseph Nelson was convicted in a bench trial of robbery, in

violation of Code § 18.2-58, and use of a firearm in the

commission of a felony, in violation of Code § 18.2-53.1.  On

appeal, Nelson contends that the evidence is insufficient to

establish the conviction for use of a firearm in the commission

of a felony when there was neither evidence to show he possessed

a gun nor that he was acting in concert with another who did.

We affirm the judgment of the trial court.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I.  BACKGROUND

At approximately nine or ten o'clock, on the evening of November 25, 1999, Floyd Hearns left his brother-in-law's home to purchase beer at a nearby gas station.  As he walked alone to the gas station, Hearns passed a crowd of people seated on the porch of a duplex.  One of the individuals on the porch, later identified as Joseph Nelson, approached him and asked if he was looking for drugs.  Hearns responded, no.  Nelson then stated he was going to rob Hearns.

Almost immediately thereafter, Hearns' attention was drawn to a second individual, later identified as Latrelle Gray, who walked up behind and pointed a gun at him.  Hearns' attention was diverted to the gunman.  Nelson then reached around Hearns' neck with his right arm and began choking him with enough force that he became weak and fell down.  With Hearns on the ground, Nelson forcefully removed a $100 bill and ripped his pants pocket.

After Nelson took the money, Hearns got up from the ground and proceeded to the gas station where he called the police. Officer L. A. Durrette responded to the call and proceeded to the gas station.  There, he took a report from Hearns who gave a description of the two men who robbed him.  He and Hearns then drove by the duplex where the robbery occurred.  Hearns identified Nelson as they twice drove by the duplex.  Nelson was sitting on the front porch.

-

Officer Durrette stopped the police car and exited the vehicle. Nelson stood up and turned to go inside the house. Officer Durrette drew his weapon, called out to Nelson by name, and ordered him to get down on the ground.[1] Nelson was then taken into custody. Once in custody, Nelson was patted down for weapons. When other officers arrived, Nelson was then searched and photographed. The search of Nelson yielded a one hundred dollar bill, one twenty dollar bill, four one dollar bills, and a one dollar food stamp. No gun was recovered. Latrelle Gray was not at the duplex when Nelson was arrested. However, he was later identified and arrested in the courthouse on one of Nelson's court dates.

Nelson was charged with robbery, in violation of Code § 18.2-58, and use of a firearm in the commission of a felony, in violation of Code § 18.2-53.1. At trial, Nelson argued that he did not rob Hearns, that neither he nor Gray had a gun that evening, and that the one hundred dollar bill found in his pocket was money he received after selling his Sony Playstation 2. Furthermore, he contended that he did not plan or call out to anyone to help him.

The trial court found Nelson guilty on both charges. It stated:

---

[1] Officer Durrette testified that he personally knew Nelson and at the time of these events Nelson had outstanding warrants on other charges.

-

> [I]t's clearly a case in which the victim
> was accosted by both the defendant, who
> strong armed him, and another person unknown
> to the victim, who was later identified,
> without knowing the name, as the wheeler
> [sic] of the gun.
>
> And as I've already indicated, it seems to
> me it's too much of a coincidence to say
> that the wheeler [sic] of the gun was acting
> independently. I find there is a concert of
> action by reasonable inference in this case.
> Identification of the defendant was made on
> the scene almost, very shortly thereafter at
> the same location. And I don't put a great
> deal of credence in the defendant's
> justification for having had the money.

Nelson appeals his conviction.

## II.  ANALYSIS

Nelson contends that the evidence was insufficient to prove beyond a reasonable doubt the charge of using a firearm in the commission of a felony. He argues the evidence neither showed that he possessed a gun or that he was acting in concert with another who did. We disagree.

> When the sufficiency of the evidence is
> challenged on appeal, it is well established
> that we must view the evidence in the light
> most favorable to the Commonwealth, granting
> to it all reasonable inferences fairly
> deducible therefrom. The conviction will be
> disturbed only if plainly wrong or without
> evidence to support it.

Jones v. Commonwealth, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992).

"It is well settled in Virginia that whenever a witness testifies, his or her credibility becomes an issue." Hughes v.

-

<u>Commonwealth</u>, 39 Va. App. 448, 462, 573 S.E.2d 324, 330 (2002) (quoting <u>Tatum v. Commonwealth</u>, 17 Va. App. 585, 592, 440 S.E.2d 133, 137 (1994)).  "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  <u>Id.</u> (quoting <u>Sandoval v. Commonwealth</u>, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995)).  At trial, the judge discounted Nelson's testimony and accepted Hearns' account of events.  As a result, we are bound by the factual findings of the lower court.  <u>See</u> <u>Campbell v. Commonwealth</u>, 39 Va. App. 180, 186, 571 S.E.2d 906, 909 (2002).

Code § 18.2-53.1 states:

> It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit . . . robbery, carjacking, burglary, malicious wounding as defined in [Code] § 18.2-51 . . . .

Code § 18.2-18 permits "[i]n the case of every felony, every principal in the second degree and every accessory before the fact may be indicted, tried, convicted and punished in all respects as if a principal in the first degree . . . ." <u>See also</u> <u>Cortner v. Commonwealth</u>, 222 Va. 557, 562-63, 281 S.E.2d 908, 911 (1981).  "Every person who is present at the commission of a [crime], encouraging or inciting the same by words, gestures, looks, or signs, or who in any way, or by any

-

means, countenances or approves the same is, in law, assumed to be an aider and abettor, and is liable as principle." <u>Foster v. Commonwealth</u>, 179 Va. 96, 99, 18 S.E.2d 314, 315-16 (1942).

Although Nelson never actually possessed the gun used during the robbery, he acted in concert with Gray, who did display the weapon. In confronting Hearns, Nelson expressed his intent to rob him. Nelson subsequently used the distraction of Gray pointing a gun at Hearns to put Hearns in a choke hold, wrestle him to the ground, and to forcefully remove a one hundred dollar bill from Hearns' pocket. That Nelson did not call out to anyone else prior to or during the course of the robbery is of no consequence. Presence without disapproving or opposing the commission of a crime, in connection with other circumstances, is evidence that a defendant lent his countenance and approval to the crime. <u>Hampton v. Commonwealth</u>, 32 Va. App. 644, 649, 529 S.E.2d 843, 845 (2000).

The evidence was sufficient to prove beyond a reasonable doubt that Nelson, by acting in concert with Gray, used a firearm during the commission of a felony. The judgment of the trial court is affirmed.

<u>Affirmed.</u>

-