COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Bumgardner and Frank
Argued at Salem, Virginia


KARL RAY TUCK

v.        Record No. 3376-02-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE RUDOLPH BUMGARDNER, III
DECEMBER 9, 2003


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

Gregory T. Casker for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on brief), for appellee.


The trial court convicted Karl Ray Tuck of grand larceny.  He contends the evidence is insufficient to support his conviction because it merely showed he was in the car when it was stolen.  Finding the evidence established more than mere presence at the time of the taking, we affirm.

On appeal, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commonwealth, Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003), and uphold the conviction unless it is plainly wrong or without evidence to support it, Code § 8.01-680.  The defendant and his father, Clyde Ray Tuck, stopped at Kim Mattox's trailer at approximately 8:00 p.m.  Clyde Tuck indicated that their car was inoperable, either out of gas or broken down, and asked for a ride home.  Bill Ridgeway, who

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

was visiting Mattox and knew Clyde Tuck, agreed to give them a ride. Clyde Tuck sat in the front passenger seat, and the defendant sat in the rear.

On the way to the Tucks' trailer, Ridgeway stopped at his residence. Both Tucks remained in the car and waited for Ridgeway to return and take them the rest of the way home. After five minutes, while Ridgeway was still in the house, the car drove off. Ridgeway and his brother-in-law went to the Tucks' trailer but could not find them. They looked for the Tucks' disabled vehicle but could not find it. Ridgeway reported the vehicle stolen and kept trying to locate the Tucks over the next six weeks. The vehicle was eventually found when an unnamed party wrecked it.

The defendant contends the evidence failed to show he was the thief or that he was acting in concert with his father. He argues that Hampton v. Commonwealth, 32 Va. App. 644, 529 S.E.2d 843 (2000), and Moehring v. Commonwealth, 223 Va. 564, 290 S.E.2d 891 (1982), control the case.

In Hampton, the defendant moved from the rear seat to the front seat knowing the car was stolen but not attempting to get out of it. Aside from his presence and failure to oppose the taking, no other circumstance proved he participated in the theft or shared the perpetrator's criminal intent. This Court reversed the conviction because moving to the front seat was "consistent with the hypothesis that he did so for his own comfort and convenience." 32 Va. App. at 652, 529 S.E.2d at 847.

In Moehring, the defendant was hitchhiking with a companion. The companion stole a truck when the owner left the keys in it while he paid for gas. The companion drove off but returned and picked up the defendant, who had continued to hitchhike. Although the defendant was present before the theft and accepted a ride after the theft, he did not aid the theft or share the thief's criminal intent. 223 Va. at 568, 290 S.E.2d at 892.

An accused is a principal in the second degree if he is present at the commission of a crime and either commits some overt act in furtherance thereof or shares the perpetrator's criminal intent. Triplett v. Commonwealth, 141 Va. 577, 586, 127 S.E. 486, 489 (1925). The trier of fact may infer that a person lent his countenance and approval to a crime when he is present without disapproving it and other circumstances support such a finding. Foster v. Commonwealth, 179 Va. 96, 100, 18 S.E.2d 314, 316 (1942). "'[W]hether a person does in fact aid or abet another in the commission of a crime is a question which may be determined by circumstances as well as by direct evidence.'" Shiflett v. Commonwealth, 151 Va. 556, 561, 145 S.E. 336, 338 (1928) (father aided son during murder) (quoting Brown v. Commonwealth, 130 Va. 733, 736, 107 S.E. 809, 810 (1921)).

In Pugliese v. Commonwealth, 16 Va. App. 82, 482 S.E.2d 16 (1993), the defendant was convicted of murder as a principal in the second degree and robbery. He knew the shooter intended to cheat the victim out of money. The perpetrator told the defendant he was going to shoot the victim, and the defendant was present when he did so. The defendant remained in the van while the perpetrator disposed of the body, helped dispose of the van, and received part of the stolen money. This Court concluded the defendant countenanced the crimes and lent his support to the murder and robbery when he accompanied the perpetrator. The defendant knew of the perpetrator's announced intention to take the victim's money and did nothing to discourage or report it. Id. at 94, 482 S.E.2d at 25.

The defendant and his father went to Maddox's house, and they asked for a ride. They obtained a ride using the ruse that their car had broken down and they were stranded. The two continued the deception when they remained in the car while Ridgeway went inside his residence. When the car drove off five minutes later, neither the defendant nor his father could

be found. They were not found at home, and no car was found where the Tucks had said it broke down. Neither the defendant, his father, nor the car could be found for six weeks.

As in Pugliese, the defendant was an active participant in the crime. He and his father deceived the owner to gain access to his car. The defendant accepted the ride with his father and remained in the car with him when Ridgeway went inside. Ridgeway planned to return and take the Tucks the rest of the way home. The vehicle, the defendant, and his father vanished together. No evidence suggested anyone else took the car. The defendant never reported the theft, and neither he nor his father could be found for six weeks. The evidence and the reasonable inferences drawn from it, demonstrate that the defendant and his father acted in concert and shared the same criminal intent. Whether the defendant shared the perpetrator's criminal intent is a question of fact. Creasy v. Commonwealth, 166 Va. 721, 726, 186 S.E. 63, 65 (1936) (conviction upheld when defendant did not aid in crime, but participated in its fruits).

The defendant was not merely present; other circumstances supported the finding that he committed overt acts, lent his support to the theft, and shared the criminal intent. Accordingly, we affirm.

Affirmed.