COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Petty and Beales
Argued at Chesapeake, Virginia


JAMES THOMAS BUNCH

                                                        MEMORANDUM OPINION[*] BY
v.      Record No. 2406-09-1                            JUDGE LARRY G. ELDER
                                                        DECEMBER 14, 2010

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                          Edward W. Hanson, Jr., Judge

            Gregory B. Turpin (Clarke, Dolph, Rapaport, Hull, Brunick &
            Garriott, P.L.C., on brief), for appellant.

            Karen Misbach, Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        James Thomas Bunch (appellant) appeals from his bench trial convictions for two counts

of larceny with intent to sell or distribute stolen property, in violation of Code § 18.2-108.01, for

incidents occurring on two different dates.[1]  On appeal, he contends the evidence was

insufficient to support his convictions.  We agree as to one of his convictions but disagree as to

the other.  Thus, we affirm in part and reverse and dismiss in part.

                                              I.

        On appellate review, we consider the evidence presented at trial in the light most

favorable to the Commonwealth, the prevailing party below, and "accord [it] the benefit of all

inferences fairly deducible from the evidence."  Riner v. Commonwealth, 268 Va. 296, 303, 601

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant's petition for appeal was denied as to related convictions for two counts each
of grand larceny and conspiracy to commit grand larceny, and we do not consider those
convictions in this appeal.

S.E.2d 555, 558 (2004). When reviewing the sufficiency of the evidence to support a conviction, the Court will affirm the judgment unless it is plainly wrong or without evidence to support it. E.g., Coles v. Commonwealth, 270 Va. 585, 587, 621 S.E.2d 109, 110 (2005). "Determining the credibility of witnesses who give conflicting accounts is within the exclusive province of the [trier of fact], [who] has the unique opportunity to observe the demeanor of the witnesses as they testify." Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993). In its role of judging witness credibility, the fact finder is entitled to disbelieve, in whole or in part, the self-serving testimony of the accused and to conclude the accused is lying to conceal his guilt. E.g., Tarpley v. Commonwealth, 261 Va. 251, 256-57, 542 S.E.2d 761, 764 (2001).

Simple larceny, a common law offense, is "the wrongful or fraudulent taking of another's property without his permission and with the intent to deprive the owner of that property permanently." Id. at 256, 542 S.E.2d at 763. "A conviction of larceny requires proof beyond a reasonable doubt of the defendant's intent to steal . . . ." Id. at 256, 542 S.E.2d at 764. "Because larceny is a continuing offense, anyone who knows that personal property is stolen and assists in its transportation or disposition is guilty of larceny." Hampton v. Commonwealth, 32 Va. App. 644, 650-51, 529 S.E.2d 843, 846 (2000). The General Assembly has created the additional offense of larceny with intent to sell or distribute. Code § 18.2-108.01(A) proscribes, as a felony that "constitutes a separate and distinct offense," "commit[ting] larceny of property with a value of $200 or more with the intent to sell or distribute such property." Pursuant to that code section, "[t]he larceny of more than one item of the same product is prima facie evidence of intent to sell or intent to distribute for sale."[2] Code § 18.2-108.01(A).

---

[2] This reference to prima facie proof amounts to a permissive inference, under which

> the basic fact may constitute prima facie evidence of the elemental fact. When reviewing this type of device, the Court has required the party challenging it to demonstrate its invalidity as applied to

It is undisputed that appellant did not personally take the merchandise from the Walmart store. Thus, his convictions for larceny with intent to sell depend upon one of the following closely connected theories: First, because larceny is a continuing offense, see, e.g., Hampton, 32 Va. App. at 650-51, 529 S.E.2d at 846, the evidence is sufficient to support appellant's convictions as a principal in the first degree under Code § 18.2-108.01(A) if it proves he transported the stolen merchandise with both (i) knowledge that it was stolen and (ii) the intent to sell it. Second, the evidence is sufficient to support appellant's convictions if he acted as a principal in the second degree to Adams' commission of the offense of larceny with intent to resell. See Code § 18.2-18 (providing that "[i]n the case of every felony," except certain statutorily enumerated killings, "every principal in the second degree . . . may be . . . convicted and punished in all respects as if a principal in the first degree"). A principal in the second degree is one who "consented to the felonious purpose" of the perpetrator and "contributed to [the] execution [of that felonious purpose]." See, e.g., McMorris v. Commonwealth, 276 Va. 500, 505, 666 S.E.2d 348, 350 (2008). "To prove that a defendant is guilty as a principal in the second degree, the Commonwealth must establish that the defendant procured, encouraged, countenanced or approved the criminal act." Brickhouse v. Commonwealth, 276 Va. 682, 686, 668 S.E.2d 160, 162 (2008). "[T]he defendant must . . . share in the principal's criminal intent." McMorris, 276 Va. at 505, 666 S.E.2d at 351. Thus, for appellant to be guilty under Code § 18.2-108.01(A) as a principal in the second degree, just as required for him to be guilty as a

---

him. Because this permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the "beyond a reasonable doubt" standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference.

County Court of Ulster County, New York v. Allen, 442 U.S. 140, 157,  99 S. Ct. 2213, 2224-25, 60 L. Ed. 2d 777, 792 (1979) (citations omitted).

principal in the first degree, appellant must have had knowledge that the crime was occurring and have shared Adams' criminal intent to sell the stolen merchandise.

A.  SUFFICIENCY OF THE EVIDENCE TO PROVE THE OFFENSE OF MAY 27

Because of the nature of the evidence in this case, we begin with the offense of May 27, 2009, the second of the two incidents and the date on which appellant and his companion, a woman named Glen Adams, were apprehended by police with stolen merchandise in the car. Although appellant stipulated Adams stole more than $200 worth of merchandise on that date, he contends the evidence failed to prove (1) he was aware that Adams had the stolen property with her in the car as he drove her away that day, (2) that he shared Adams' presumed intent to sell the property, or (3) that he knew the property had a value of $200 or more.  We hold the evidence was sufficient to prove appellant's guilt for the May 27 offense.

The evidence, viewed in the light most favorable to the Commonwealth, establishes Adams stole multiple packages of three different items from the Walmart store on May 27. Thus, the permissive statutory inference, unchallenged and unrebutted by appellant, applies to prove Adams acted with the requisite intent to sell or distribute those items.  Further, appellant said he was the sole driver of the silver Honda, and he admitted to police "he let Ms. Adams put those stolen items in the vehicle on that day," saying "You got me [for] today."  This evidence supports a finding that appellant transported the items in the trunk with knowledge they were stolen.

Additional evidence supports a finding that appellant knew Adams possessed the items with an intent to sell them and that appellant shared in that intent.  When Adams left the Walmart on May 27, she was carrying both a large blue bag and a "very large tan . . . tote."  When the Honda appellant was driving was stopped by police a short time later, Adams' large blue bag, still full, sat on the passenger side floorboard where Adams had been riding, and the tan tote lay

- 4 -

empty a few inches away. In the car's trunk under a painter's tarp, the police found multiple packages of stolen merchandise, which Detective Nunn described as "all of the Prilosec and razor blades" recovered. Based on both the contents of the trunk visible in the photographs admitted at trial and an inventory of the entire contents of the vehicle, combined with Detective Nunn's statement that the trunk contained "all of the Prilosec and razor blades," the evidence proved the trunk contained a total of twelve boxes of Prilosec, twenty-seven packages of Gillette Fusion razor blades, and at least six boxes of a Crest tooth whitening product. The only reasonable hypothesis flowing from this evidence is that appellant—who said he was the only person who drove the car and that he worked as a painter—possessed the car keys and means of access to the trunk and was aware of the multiple boxes of the various items Adams stole that were removed from the tan bag and hidden beneath the painter's tarp in the trunk. Because appellant knowingly transported the stolen merchandise with knowledge that it included multiple packages of several different products, the evidence, aided by the permissive statutory inference, was sufficient to prove he was guilty of transporting the stolen property with the intent to sell or distribute in violation of Code § 18.2-108.01(A).

Appellant also contends the evidence was insufficient to prove he knew the stolen property had a value of $200 or more. Although proof that the aggregate value of the items taken was $200 or more is an element of the offense that the Commonwealth was required to prove, see Britt v. Commonwealth, 276 Va. 569, 574, 667 S.E.2d 763, 765 (2008), that element is in the nature of a sentence enhancement. The Commonwealth was not required to prove the perpetrator *knew* the value of the items was greater than $200 or acted with an intent to steal items of that value. Instead, Code § 18.2-108.01(A) required the Commonwealth to prove only that appellant knowingly transported stolen property with the intent to sell or distribute it, or that

he shared in Adams' intent to do so, and that the value of the items transported was greater than $200, a fact to which appellant stipulated.

Thus, the evidence was sufficient to support appellant's conviction for the May 27 offense.

### B. SUFFICIENCY OF THE EVIDENCE TO PROVE THE OFFENSE OF MAY 18

As to the May 18 offense, appellant contends the Commonwealth failed to prove he was the driver of the vehicle or, alternatively, "failed to prove *any* elements, especially those of a felonious nature." This includes whether appellant acted with the requisite intent to sell the items stolen on May 18 or shared in any intent Adams may have had to do so.

The evidence, viewed in the light most favorable to the Commonwealth, proved appellant was the driver of the vehicle on May 18. Walmart employee Ashe Branch testified without equivocation, while viewing appellant at trial, that he was the person driving the silver Honda with the specified license plate on both May 18 and May 27. Appellant's argument that Branch's description of the vehicle's driver at the time of the offenses was too vague to support her identification of him at trial did not compel a different result. See, e.g., Peterson v. Commonwealth, 225 Va. 289, 295, 302 S.E.2d 520, 524 (1983).

We also conclude, however, that the evidence, although suspicious, was insufficient to prove appellant acted with the requisite intent to sell the items stolen on May 18 or shared in any intent Adams may have had to do so. Unlike on May 27, when Adams stole two bags of Walmart merchandise and police recovered, *inter alia*, twelve boxes of Prilosec, twenty-seven packages of Gillette Fusion razor blades, and at least six boxes of a Crest tooth whitening product from beneath appellant's painter's tarp in the trunk of the car he routinely drove, the evidence regarding the events of May 18 failed to show what was in the bag of items Adams took from Walmart on that date. Walmart employee Branch testified her review of the store's

surveillance video for May 18 indicated Adams "select[ed] and conceal[ed]" in her bag items from the "HBA [health and beauty aids] and pharmacy departments" on that date. However, Branch did not give more specific testimony about precisely what Adams took on May 18. Also, appellant and Adams were stopped by police only on May 27. Thus, no search of the vehicle occurred on May 18, and nothing in the record establishes that any of the items found in the car on May 27 were among the things Adams stole on May 18.

Because the record did not establish whether the items Adams stole on May 18 included multiple packages of the same product, the permissive statutory inference that the items were taken with an intent to sell did not apply. Absent application of that inference, the evidence in the record is insufficient to prove appellant acted with the requisite intent to sell on May 18. The mere fact that appellant violated Code § 18.2-108.01(A) on the later date of May 27 and lied about whether he was the driver of the vehicle on May 18, although creating a suspicion of his guilt of transporting the stolen items with intent to sell on May 18, does not support a finding beyond a reasonable doubt that he acted with the requisite intent on that earlier date.

II.

For these reasons, we affirm appellant's conviction for larceny with intent to sell based on an offense date of May 27, 2009, and we reverse and dismiss his conviction for larceny with intent to sell based on an offense date of May 18, 2009.

Affirmed in part, and reversed and dismissed in part.