UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, McCullough and Senior Judge Clements
Argued at Richmond, Virginia


GEORGE ANDREW THOMPSON

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 2310-14-2                  JUDGE JEAN HARRISON CLEMENTS
                                                SEPTEMBER 22, 2015

COMMONWEALTH OF VIRGINIA


                        FROM THE CIRCUIT COURT OF HENRICO COUNTY
                                     L. A. Harris, Jr., Judge

                (Dannie R. Sutton, Jr.; McDonald, Sutton & DuVal, PLC, on brief),
                for appellant.  Appellant submitting on brief.

                Michael T. Judge, Senior Assistant Attorney General (Mark R.
                Herring, Attorney General; Susan Mozley Harris, Assistant Attorney
                General, on brief), for appellee.

        George Andrew Thompson was convicted of grand larceny of an automobile.  On appeal, he

argues the evidence was insufficient to prove he took or possessed the car to support the conviction.

Specifically, Thompson contends Markeisha Thomas' testimony was not credible and she had

control of the car, therefore, the larceny presumption did not apply to him.  We disagree and

affirm.

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).  So viewed, the evidence proved that on January 8, 2014,

Officer N.S. Boykin responded to a call at the Coventry Gardens Apartments (Coventry

Gardens).  Linda Beck, the manager of Coventry Gardens, testified she called the police after

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Thomas reported that a stolen car was parked at Coventry Gardens. Beck gave Boykin a set of keys to a Chevy Malibu. Boykin contacted the Enterprise Rental Company (Enterprise) and learned that the Malibu had been checked in at Enterprise on January 3, 2014, but it was missing from an airport lot. Thompson had given the keys to Beck. Thompson told Boykin that he found the keys to the Malibu on the ground.

Thomas testified that on January 7, 2014, she was at her cousin's apartment at Coventry Gardens with Thompson and Thompson drove her home in the Malibu. While on the way home, Thomas noticed that the keys for the Malibu were on a ring with the Enterprise logo. Thompson spent the night at Thomas' home. In the morning, she asked Thompson if she could borrow the Malibu to do laundry at Coventry Gardens. Thompson agreed, and Thomas drove to Coventry Gardens with her two children and Thompson. While she was walking back and forth between the laundry area and her cousin's apartment, Thompson called her and told her to "ditch" the Malibu because it was stolen. Thompson also told Thomas that he stole the Malibu from an airport lot. Thomas returned the keys to Thompson once she learned that the Malibu was stolen, told him she wanted no part of a stolen car, and saw Thompson throw the keys on the ground. Thomas later sent a text message to Thompson and asked why he would let her drive a stolen car with her children in the car. Thompson again replied that Thomas needed to "ditch" the Malibu. Thomas sent another text message to Thompson asking why she needed to "ditch" the Malibu. Thompson replied that he told her and he "didn't want you to have the car . . . ." Thomas explained that she "did the text messages to have proof of the car being stolen . . . ." A copy of the text messages was introduced into evidence. After the exchange of text messages, Thomas spoke with Beck, and Beck called the police.

Thompson testified he was with Thomas and Thomas' cousin at Coventry Gardens on January 7, 2014, but he walked there. Thompson claimed he did not drive the Malibu to

Thomas' home, Thomas drove the Malibu to her home, and he did not ride in the Malibu because Thomas told him that it was stolen. Thompson testified he did not accompany Thomas to Coventry Gardens the next morning, but arrived there later in the day. He claimed Thomas called him and asked him to "ditch" the Malibu for her, but he refused. Thompson stated he told Thomas to "ditch" the Malibu only after she asked him to "ditch" it. Thompson denied stealing the Malibu from an Enterprise lot. He claimed he possessed the keys because Thomas threw the keys at him. Thompson testified he gave the keys to Beck because a friend told him that it was the right thing to do. Thompson admitted he had been convicted of two crimes involving lying, cheating, or stealing.

The trial judge found that the evidence proved the Malibu was stolen from an Enterprise lot after January 3, 2014. The trial judge found that Thomas' testimony was more credible than Thompson's testimony. He found that Thomas' testimony was "backed up by the text messages" and Thomas notified Beck of the stolen Malibu parked at Coventry Gardens. The trial judge found that if Thomas had stolen the Malibu, she could have easily disposed of it because police officers were not pursuing her. He concluded that Thomas did not steal the Malibu and did not know it was stolen until Thompson told her to ditch it.

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

"The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986).

Thompson contends that since Thomas drove the Malibu, he was not in exclusive possession of the Malibu, therefore, the larceny presumption did not apply.[1] The record, however, shows that the trial judge never relied upon the larceny presumption in finding Thompson guilty. Instead, he found Thompson guilty based upon the credibility of Thomas' testimony. According to Thomas, Thompson told her that he stole the Malibu from an airport lot. The trial judge heard the testimony of the witnesses and observed their demeanor. At the conclusion of the evidence, the trial judge found that Thomas was a credible witness and her testimony of the events was corroborated by the text messages. It was for the trial judge to determine the credibility of the witnesses. The evidence was sufficient to prove beyond a reasonable doubt that Thompson committed grand larceny of the Malibu and, accordingly, we affirm Thompson's conviction.

Affirmed.

---

[1] The larceny presumption for theft arises from the unexplained possession of recently stolen property in the exclusive possession of the accused, although such possession may be joint. Moehring v. Commonwealth, 223 Va. 564, 568, 290 S.E.2d 891, 893 (1982).